**BEALL & BURKHARDT, APC**
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774, FAX (805) 963-5988

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| In re | ) Bankruptcy No. 9:21-10634-DS |
| | ) Chapter 11 |
| Cinema Square, LLC, | ) |
| | ) **MOTION FOR USE OF CASH** |
| Debtor. | ) **COLLATERAL** |
| | ) |
| | Hearing to be Set |

Cinema Square, LLC, hereby requests that this Court approve its use of cash collateral as follows:

## FACTS

The Debtor in this case is the owner of a small shopping center located at 6917 El Camino Real, Atascadero, California 93422 ('the Property"). There are several tenants, the primary tenant is a movie theater, the Galaxy Theater. All of the Debtor's income consists of rents from the Property, it is a single asset LLC.

All was well with the Debtor until the pandemic struck in March of 2020. With the shutdown of the economy, the Theater closed as it was required to do under local and state health orders. With its income stream halted, it ceased paying rent. With rent not being paid, the Debtor was unable to meet its obligation to its secured creditor. Its secured creditor commenced non-judicial foreclosure proceedingss.

1    The Debtor has good prospects going forward. It has applied for a Shuttered Venue Operator

2    Grant, and expects to hear favorable news regarding that in the very short term. With the just

3    authorized full reopening of the economy on June 15, the theater should once again start to earn

4    income and pay rent. The Galaxy lease has expired, as its option exercise period occurred during the

5    pandemic but Galaxy executed a month-to-month agreement, and is negotiating a new lease with the

6    Debtor. In addition, the City of Atascadero greatly values the Debtor's space and especially wants to

7    see the theater remain open. To that end, it has proposed additional financing to try to close the gap

8    and allow a cure of the delinquent payments on the secured loan.

9    The secured creditor, however, would not wait for these events to allow a cure. It pushed on

10    toward a sale date, forcing the Debtor to file this case to prevent foreclosure from occurring.

11    **CASH COLLATERAL**

12    Cash collateral is defined in section 363(a) of the Bankruptcy Code. There is a creditor with

13    secured claims that gives it an interest in the cash collateral of the Debtor.

14    WILMINGTON TRUST, National Association, As Trustee, for the benefit of the Holders of

15    COMM 2016-DC2 Mortgage Trust Commercial Mortgage Pass Through Certificates, Series 2016-

16    DC2 (hereafter "Wilmington Trust") holds a first Trust Deed encumbering the Property. The Deed

17    of Trust was originally in favor of Jefferies Loancore, LLC (Exhibit A). An assignment of the

18    document from the original beneficiary to Wilmington Trust has been recorded (Exhibit B). The

19    Deed of Trust contains an assignment of rents clause, and the rents from the property are the cash

20    collateral of Wilmington Trust.

21    The Debtor needs to use the cash collateral to pay certain expenses to maintain the operation.

22    The expenses are not controversial, they constitute utilities, maintenance, management fees to a non-

23    insider property manager, and similar expenses. They are customary and necessary to the continued

24    operation of the Debtor. There are the larger, but non-monthly expenses of taxes and insurance for

25    the property.

26    Section 363(c)(2) defines the "trustee's" ability to use the cash collateral. Use is dependent

27    upon either consent of the secured party, or Order of the Court. The case has just been filed. While

28

1   consent will be sought, it has not yet been granted.  The Debtor in a Chapter 11 case have the right to

2   use cash collateral as if it were a Trustee, pursuant to Section 1107(a).

3       Typically, Debtors will be permitted to use cash collateral when adequate protection is

4   provided to the affected creditor.  In re Sunnymead Shopping Center, 178 BR 809, 814 (BAP 9th Cir

5   1995), citing In re Whiting Pools, Inc., 462 US 198, 203-4 (1983).  Uses such as the ones sought here,

6   the ordinary and necessary expenses of operation of the Debtor's business, are among those typically

7   paid with the use of cash collateral, as long as adequate protection is provided.  Dahlquist v. First Nat.

8   Bank in Sioux City, Iowa, 40 B.R. 969, (D.C.S.D.1983), affirmed in part, appeal dismissed in part 737

9   F.2d 733.

10                        **ADEQUATE PROTECTION**

11      Attached hereto as Exhibit C and incorporated herein by this reference is a projected budget

12  for the first 6 months of this Chapter 11 case.  It is the Debtor's best estimate of the Debtor's

13  business operations through December 15, 2021.  It shows that as the Debtor operates its business,

14  there will be an accumulation of cash, permitting the Debtor to commence regular non-default

15  payments to Wilmington Trust  by mid-September.  As adequate protection for use of the cash

16  collateral of the secured claims, the Debtor proposes that the secured creditor receive a lien on post-

17  petition rents generated through the Debtor's business operations with the same validity, extent and

18  priority they hold in the pre-filling assets, notwithstanding the effect of 11 U.S.C. 552.

19      A lien on post-filing assets is a classic form of adequate protection, as long as there will be no

20  diminution of the secured creditors' collateral.  In re Pursuit Athletic Footwear, Inc., 13 B.R. 713, 716

21  B.C. D. Del. 1996).

22

23

24

25

26

27

28

1

2                                              **CONCLUSION**

3            For the foregoing reasons, Debtor Cinema Square, LLC requests that it be authorized to use

4    the cash collateral of Wilmington Trust under the terms and conditions set forth herein.

5

6

7    Dated: _June 14_, 2021                      BEALL & BURKHARDT, APC

8

9                                               By: _William C Beall_
10                                               William C. Beall, Counsel for Cinema Square,
11                                               LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

## DECLARATION OF JEFFREY C. NELSON

I, Jeffrey C. Nelson, declare and state as follows:

1.      I am president of the Debtor in this Chapter 11 case. Each of the matters set forth below are stated of my personal knowledge and if called as a witness I could competently testify to each of them.

The Debtor in this case is the owner of a small shopping center located at 6917 El Camino Real, Atascadero, California 93422 ('the Property"). There are several tenants, the primary tenant is a movie theater, the Galaxy Theater. All of the Debtor's income consists of rents from the Property, it is a single asset LLC.

2.      All was well with the Debtor until the pandemic struck in March of 2020. With the shutdown of the economy, the Theater closed as it was required to do under local and state health orders. With its income stream halted, it ceased paying rent. With rent not being paid, the Debtor was unable to meet its obligation to its secured creditor. Its secured creditor commenced non-judicial foreclosure proceedings.

3.      The Debtor has good prospects going forward. It has applied for a Shuttered Venue Operator Grant, and expects to hear favorable news regarding that in the very short term. With the just authorized full reopening of the economy on June 15, the theater should once again start to earn income and pay rent. The Galaxy lease has expired, as its option exercise period occurred during the pandemic but Galaxy executed a month-to-month agreement, and is negotiating a new lease with the Debtor.   In addition, the City of Atascadero greatly values the Debtor's space and especially wants to see the theater remain open. To that end, it has proposed additional financing to try to close the gap and allow a cure of the delinquent payments on the secured loan.

4.      The secured creditor, however, would not wait for these events to allow a cure. It pushed on toward a sale date, forcing the Debtor to file this case to prevent foreclosure from occurring.

5.      WILMINGTON TRUST, National Association, As Trustee, for the benefit of the Holders of COMM 2016-DC2 Mortgage Trust Commercial Mortgage Pass Through Certificates,

Series 2016-DC2 (hereafter "Wilmington Trust") holds a first Trust Deed encumbering the Property. The Deed of Trust was originally in favor of Jefferies Loancore, LLC (Exhibit A). An assignment of the document from the original beneficiary to Wilmington Trust has been recorded (Exhibit B).

6.      The Debtor needs to use the cash collateral to pay certain expenses to maintain the operation. The expenses are not controversial, they constitute utilities, maintenance, management fees to a non-insider property manager, and similar expenses. They are customary and necessary to the continued operation of the Debtor. There are the larger, but non-monthly expenses of taxes and insurance for the property.

7.      Attached hereto as Exhibit C and incorporated herein by this reference is a projected budget for the first 6 months of this Chapter 11 case. It is the Debtor's best estimate of the Debtor's business operations through December 15, 2021. It shows that as the Debtor operates its business, there will be an accumulation of cash, permitting the Debtor to commence regular non-default payments to Wilmington Trust by mid-September. As adequate protection for use of the cash collateral of the secured claims, the Debtor proposes that the secured creditor receive a lien on post-petition rents generated through the Debtor's business operations with the same validity, extent and priority they hold in the pre-filling assets, notwithstanding the effect of 11 U.S.C. 552

I declare the foregoing is true under the laws of the State of California, executed at Santa Barbara, California

Dated: _June 14, 2021_

_Jeffrey C Nelson_

Jeffrey C. Nelson

6

Branch :FX8    User :MLAL

Order : FSLC-512000760

RECORDING REQUESTED BY:
FIDELITY NATIONAL TITLE
FSLC-511500351-RB

AND WHEN RECORDED MAIL TO:

Gussis Lichtenfeld & Alexander LLC
6200 N. Hiawatha, Suite 400
Chicago, IL 60646
Attn: Samuel P. Gussis, Esq.

**TOMMY GONG**                    AG
San Luis Obispo County – Clerk/Recorder    12/31/2015
Recorded at the request of           11:32 AM
Fidelity Title Company

D O C # :   2015065691    Titles:  4   Pages:  25

| | |
|---|---|
| Fees | 128.00 |
| Taxes | 0.00 |
| Others | 0.00 |
| PAID | $128.00 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS
## AND SECURITY AGREEMENT

(recoverch)(05-08)

SAN LUIS OBISPO, CA  Document:TDD 2015.65691
Printed on:10/29/2020 4:01 AM

Page:1 of 25

Exhibit A - Page 7

EXHIBIT D
Page 121

Branch :FX8    User :MLAL                                                   Order : FSLC-512000760

**CINEMA SQUARE, LLC**
(Trustor)

to

**FIDELITY NATIONAL TITLE COMPANY**
(Trustee)

for the Benefit of

**JEFFERIES LOANCORE LLC**
(Beneficiary)

**DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS
AND SECURITY AGREEMENT**

Dated:  As of December 31, 2015

Property Location:    6917 El Camino Real
Atascadero, San Luis Obispo County, California 93422

THIS INSTRUMENT SECURES OBLIGATIONS WHICH MAY CONTAIN PROVISIONS FOR ADJUSTMENTS IN THE INTEREST RATE AND PAYMENT AMOUNTS AND/OR A BALLOON PAYMENT.

THIS INSTRUMENT CONSTITUTES A SECURITY AGREEMENT AS THAT TERM IS DEFINED IN THE CALIFORNIA UNIFORM COMMERCIAL CODE. PORTIONS OF THE COLLATERAL ARE GOODS THAT ARE OR ARE TO BECOME FIXTURES ON THE LAND DESCRIBED IN <u>EXHIBIT A</u> HERETO. THIS INSTRUMENT IS INTENDED TO SERVE AS A FIXTURE FILING AND IS TO BE RECORDED IN THE REAL ESTATE RECORDS OF THE COUNTY IN WHICH SAID LAND OR ANY PORTION THEREOF IS LOCATED AND INDEXED AS BOTH A DEED OF TRUST AND A FIXTURE FILING. TRUSTOR IS THE OWNER OF A RECORD INTEREST IN THE LAND DESCRIBED IN <u>EXHIBIT A</u> HERETO.  THE ADDRESS OF TRUSTOR (DEBTOR) AND BENEFICIARY (SECURED PARTY) ARE SET FORTH ON THE FIRST PAGE OF THIS DEED OF TRUST.

DOCUMENT PREPARED BY AND WHEN RECORDED, RETURN TO:

Gussis Lichtenfeld & Alexander LLC
6200 N. Hiawatha, Suite 400
Chicago, IL 60646
Attention:  Samuel P. Gussis, Esq.

Branch :FX8   User :MLAL                                    Order : FSLC-512000760

This DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS AND SECURITY AGREEMENT (this "*Deed of Trust*"), made as of December 31, 2015, by CINEMA SQUARE, LLC, a Delaware limited liability company, having an office at c/o The Oak Creek Company, 21 East Carrillo Street, Suite 200, Santa Barbara, California 93101, to FIDELITY NATIONAL TITLE COMPANY, having an address at 1212 Marsh Street, Suite 2, San Luis Obispo, California 93401 ("*Trustee*"), as Trustee, for the benefit of JEFFERIES LOANCORE LLC, a Delaware limited liability company (together with its successors and assigns, hereinafter referred to as "*Beneficiary*"), having an address c/o LoanCore Capital, 55 Railroad Avenue, Suite 100, Greenwich, Connecticut 06830.

Trustor and Beneficiary have entered into a Loan Agreement dated as of the date hereof (as amended, modified, restated, consolidated or supplemented from time to time, the "*Loan Agreement*") pursuant to which Beneficiary is making a secured loan to Trustor in the aggregate original principal amount of Seven Million Eight Hundred Thousand and No/100 Dollars ($7,800,000.00) (the "*Loan*"). Capitalized terms used herein without definition are used as defined in the Loan Agreement. The Loan is evidenced by a Promissory Note dated the date hereof made by Trustor to Beneficiary in such principal amount (as the same may be amended, modified, restated, severed, consolidated, renewed, replaced, or supplemented from time to time, the "*Note*").

To secure the payment of the Note and all sums which may or shall become due thereunder or under any of the other documents evidencing, securing or executed in connection with the Loan (the Note, this Deed of Trust, the Loan Agreement and such other documents, as any of the same may, from time to time, be modified, amended or supplemented, being hereinafter collectively referred to as the "*Loan Documents*"), including (i) the payment of interest and other amounts which would accrue and become due but for the filing of a petition in bankruptcy (whether or not a claim is allowed against Trustor for such interest or other amounts in any such bankruptcy proceeding) or the operation of the automatic stay under Section 362(a) of Title 11 of the United States Code (the "*Bankruptcy Code*"), and (ii) the costs and expenses of enforcing any provision of any Loan Document (all such sums being hereinafter collectively referred to as the "*Debt*"), Trustor has given, granted, bargained, sold, alienated, enfeoffed, conveyed, confirmed, warranted, pledged, assigned and hypothecated and by these presents does hereby give, grant, bargain, sell, alien, enfeoff, convey, confirm, warrant, pledge, assign and hypothecate unto Trustee, in trust for the benefit of Beneficiary, WITH POWER OF SALE, the land described in Exhibit A (the "*Premises*"), and the buildings, structures, fixtures and other improvements now or hereafter located thereon (the "*Improvements*");

TOGETHER WITH: all right, title, interest and estate of Trustor now owned, or hereafter acquired, in and to the following property, rights, interests and estates (the Premises, the Improvements, and the property, rights, interests and estates hereinafter described are collectively referred to herein as the "*Trust Property*"):

(a)     all easements, rights-of-way, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights and development rights, rights to oil, gas, minerals, coal and other substances of any kind or character, and all estates, rights, titles, interests, privileges, liberties, tenements, hereditaments and appurtenances of any nature whatsoever, in any way belonging, relating or pertaining to the Premises and the

Branch :FX8   User :MLAL                                                    Order : FSLC-512000760

Improvements; the reversion and reversions, remainder and remainders, and all land lying in the bed of any street, road, highway, alley or avenue, opened, vacated or proposed, in front of or adjoining the Premises, to the center line thereof; and all the estates, rights, titles, interests, dower and rights of dower, curtesy and rights of curtesy, property, possession, claim and demand whatsoever, both at law and in equity, of Trustor of, in and to the Premises and the Improvements and every part and parcel thereof, with the appurtenances thereto;

(b)       all machinery, furniture, furnishings, equipment, computer software and hardware, fixtures (including all heating, air conditioning, plumbing, lighting, communications and elevator fixtures), inventory, materials, supplies and other articles of personal property and accessions thereof, renewals and replacements thereof and substitutions therefor, and other property of every kind and nature, tangible or intangible, owned by Trustor, or in which Trustor has or shall have an interest, now or hereafter located upon the Premises or the Improvements, or appurtenant thereto, and usable in connection with the present or future operation and occupancy of the Premises and the Improvements (hereinafter collectively referred to as the "*Equipment*"), including any leases of, deposits in connection with, and proceeds of any sale or transfer of any of the foregoing, and the right, title and interest of Trustor in and to any of the Equipment that may be subject to any "security interest" as defined in the Uniform Commercial Code, as in effect in the State where the Trust Property is located (the "*UCC*"), superior in lien to the lien of this Deed of Trust;

(c)       all awards or payments, including interest thereon, that may heretofore or hereafter be made with respect to the Premises or the Improvements, whether from the exercise of the right of eminent domain or condemnation (including any transfer made in lieu of or in anticipation of the exercise of such right), or for a change of grade, or for any other injury to or decrease in the value of the Premises or Improvements;

(d)       all leases, subleases and other agreements or arrangements heretofore or hereafter entered into affecting the use, enjoyment or occupancy of, or the conduct of any activity upon or in, the Premises or the Improvements, including any extensions, renewals, modifications or amendments thereof (hereinafter collectively referred to as the "*Leases*") and all rents, rent equivalents, moneys payable as damages (including payments by reason of the rejection of a Lease in a Bankruptcy Proceeding or in lieu of rent or rent equivalents), royalties (including all oil and gas or other mineral royalties and bonuses), income, fees, receivables, receipts, revenues, deposits (including security, utility and other deposits), accounts, cash, issues, profits, charges for services rendered, and other consideration of whatever form or nature received by or paid to or for the account of or benefit of Trustor or its agents or employees from any and all sources arising from or attributable to the Premises and the Improvements, including all receivables, customer obligations, installment payment obligations and other obligations now existing or hereafter arising or created out of the sale, lease, sublease, license, concession or other grant of the right of the use and occupancy of the Premises or the Improvements, or rendering of services by Trustor or any of its agents or employees, and proceeds, if any, from business interruption or other loss of income insurance (hereinafter collectively referred to as the "*Rents*"), together with all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents to the payment of the Debt;

2

Branch :FX8   User :MLAL                                             Order : FSLC-512000760

(e)     all proceeds of and any unearned premiums on any insurance policies covering the Trust Property, including, without limitation, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Trust Property;

(f)     the right, in the name and on behalf of Trustor, to appear in and defend any action or proceeding brought with respect to the Trust Property and to commence any action or proceeding to protect the interest of Beneficiary in the Trust Property;

(g)     all accounts (including reserve accounts), escrows, documents, instruments, chattel paper, claims, deposits and general intangibles, as the foregoing terms are defined in the UCC, and all franchises, trade names, trademarks, symbols, service marks, books, records, plans, specifications, designs, drawings, surveys, title insurance policies, permits, consents, licenses, management agreements, contract rights (including any contract with any architect or engineer or with any other provider of goods or services for or in connection with any construction, repair or other work upon the Trust Property), approvals, actions, refunds of real estate taxes and assessments (and any other governmental impositions related to the Trust Property) and causes of action that now or hereafter relate to, are derived from or are used in connection with the Trust Property, or the use, operation, maintenance, occupancy or enjoyment thereof or the conduct of any business or activities thereon (hereinafter collectively referred to as the "*Intangibles*"); and

(h)     all proceeds, products, offspring, rents and profits from any of the foregoing, including those from sale, exchange, transfer, collection, loss, damage, disposition, substitution or replacement of any of the foregoing.

Without limiting the generality of any of the foregoing, in the event that a case under the Bankruptcy Code is commenced by or against Trustor, pursuant to Section 552(b)(2) of the Bankruptcy Code, the security interest granted by this Deed of Trust shall automatically extend to all Rents acquired by the Trustor after the commencement of the case and shall constitute cash collateral under Section 363(a) of the Bankruptcy Code.

     **TO HAVE AND TO HOLD** the Trust Property unto and to the use and benefit of Beneficiary and its successors and assigns, forever;

     **PROVIDED, HOWEVER,** these presents are upon the express condition that, if Trustor shall well and truly pay to Beneficiary the Debt at the time and in the manner provided in the Loan Documents and shall well and truly abide by and comply with each and every covenant and condition set forth in the Loan Documents in a timely manner, these presents and the estate hereby granted shall cease, terminate and be void;

     **AND** Trustor represents and warrants to and covenants and agrees with Beneficiary as follows:

## PART I - GENERAL PROVISIONS

     1.     **Payment of Debt and Incorporation of Covenants, Conditions and Agreements.** Trustor shall pay the Debt at the time and in the manner provided in the Loan Documents. All the covenants, conditions and agreements contained in the Loan Documents are

3

Branch :FX8    User :MLAL

Order : FSLC-512000760

hereby made a part of this Deed of Trust to the same extent and with the same force as if fully set forth herein.  Without limiting the generality of the foregoing, Trustor (i) agrees to insure, repair, maintain and restore damage to the Trust Property, pay Taxes and Other Charges, and comply with Legal Requirements, in accordance with the Loan Agreement, and (ii) agrees that the Proceeds of Insurance and Awards for Condemnation shall be settled, held and applied in accordance with the Loan Agreement.

2.    Leases and Rents.

(a)    Trustor does hereby absolutely and unconditionally assign to Beneficiary all of Trustor's right, title and interest in all current and future Leases and Rents, it being intended by Trustor that this assignment constitutes a present, absolute assignment and not an assignment for additional security only.  Such assignment shall not be construed to bind Beneficiary to the performance of any of the covenants or provisions contained in any Lease or otherwise impose any obligation upon Beneficiary.  Nevertheless, subject to the terms of this paragraph, Beneficiary grants to Trustor a revocable license to operate and manage the Trust Property and to collect the Rents subject to the requirements of the Loan Agreement (including the deposit of Rents into the Clearing Account).  Upon an Event of Default, without the need for notice or demand, the license granted to Trustor herein shall automatically be revoked, and Beneficiary shall immediately be entitled to possession of all Rents in the Clearing Account, the Deposit Account (including all Subaccounts thereof) and all Rents collected thereafter (including Rents past due and unpaid), whether or not Beneficiary enters upon or takes control of the Trust Property.  Trustor hereby grants and assigns to Beneficiary the right, at its option, upon revocation of the license granted herein, to enter upon the Trust Property in person, by agent or by court-appointed receiver to collect the Rents.  Any Rents collected after the revocation of such license may be applied toward payment of the Debt in such priority and proportions as Beneficiary in its sole discretion shall deem proper.

(b)    Trustor shall not enter into, modify, amend, cancel, terminate or renew any Lease except as provided in Section 5.10 of the Loan Agreement.

3.    Use of Trust Property.  Trustor shall not initiate, join in, acquiesce in or consent to any change in any private restrictive covenant, zoning law or other public or private restriction, limiting or defining the uses which may be made of the Trust Property.  If under applicable zoning provisions the use of the Trust Property is or shall become a nonconforming use, Trustor shall not cause or permit such nonconforming use to be discontinued or abandoned without the consent of Beneficiary.  Trustor shall not (i) change the use of the Trust Property, (ii) permit or suffer to occur any waste on or to the Trust Property or (iii) take any steps to convert the Trust Property to a condominium or cooperative form of ownership.

4.    Transfer or Encumbrance of the Trust Property.

(a)    Trustor acknowledges that (i) Beneficiary has examined and relied on the creditworthiness and experience of the principals of Trustor in owning and operating properties such as the Trust Property in agreeing to make the Loan, (ii) Beneficiary will continue to rely on Trustor's ownership of the Trust Property as a means of maintaining the value of the Trust Property as security for the Debt, and (iii) Beneficiary has a valid interest in maintaining the value of the Trust Property so as to ensure that, should Trustor default in the repayment of the Debt, Beneficiary

4

can recover the Debt by a sale of the Trust Property. Trustor shall not sell, convey, alienate, mortgage, encumber, pledge or otherwise transfer the Trust Property or any part thereof, or suffer or permit any Transfer to occur, other than a Permitted Transfer.

(b)     Beneficiary shall not be required to demonstrate any actual impairment of its security or any increased risk of default hereunder in order to declare the Debt immediately due and payable upon Transfer in violation of this Paragraph 4. This provision shall apply to every sale, conveyance, alienation, mortgage, encumbrance, pledge or transfer of the Trust Property (and every other Transfer) regardless of whether voluntary or not. Any Transfer made in contravention of this Paragraph 4 shall be null and void and of no force and effect. Trustor agrees to bear and shall pay or reimburse Beneficiary on demand for all reasonable expenses (including reasonable attorneys' fees and disbursements, title search costs and title insurance endorsement premiums) incurred by Beneficiary in connection with the review, approval and documentation of any Permitted Transfer.

5.      **Changes in Laws Regarding Taxation.** If any law is enacted or adopted or amended after the date of this Deed of Trust which deducts the Debt from the value of the Trust Property for the purpose of taxation or which imposes a tax, either directly or indirectly, on the Debt or Beneficiary's interest in the Trust Property, Trustor will pay such tax, with interest and penalties thereon, if any. If Beneficiary is advised by its counsel that the payment of such tax or interest and penalties by Trustor would be unlawful, taxable to Beneficiary or unenforceable, or would provide the basis for a defense of usury, then Beneficiary shall have the option, by notice of not less than 90 days, to declare the Debt immediately due and payable.

6.      **No Credits on Account of the Debt.** Trustor shall not claim or demand or be entitled to any credit on account of the Debt for any part of the Taxes or Other Charges assessed against the Trust Property, and no deduction shall otherwise be made or claimed from the assessed value of the Trust Property for real estate tax purposes by reason of this Deed of Trust or the Debt. If such claim, credit or deduction shall be required by law, Beneficiary shall have the option, by notice of not less than 90 days, to declare the Debt immediately due and payable.

7.      **Further Acts, Etc.** Trustor shall, at its sole cost, duly execute, acknowledge and deliver all and every such further acts, deeds, conveyances, mortgages, assignments, notices of assignment, transfers and assurances as Beneficiary shall, from time to time, require, for the better assuring, conveying, assigning, transferring, and confirming unto Beneficiary the property and rights hereby mortgaged, given, granted, bargained, sold, alienated, enfeoffed, conveyed, confirmed, pledged, assigned and hypothecated or intended now or hereafter to be, or which Trustor may be or may hereafter become bound to convey or assign to Beneficiary, or for carrying out the intention or facilitating the performance of the terms of this Deed of Trust, or for filing, registering or recording this Deed of Trust or for facilitating the sale and transfer of the Loan and the Loan Documents in connection with a Secondary Market Transaction as described in Section 9.1 of the Loan Agreement. Upon foreclosure, the appointment of a receiver or any other relevant action, Trustor shall, at its sole cost, cooperate fully and completely to effect the assignment or transfer of any license, permit, agreement or any other right necessary or useful to the operation of the Trust Property. Trustor grants to Beneficiary an irrevocable power of attorney coupled with an interest for the purpose of exercising and perfecting any and all rights and remedies available to Beneficiary at law and in equity, including such rights and remedies available

5

Branch :FX8   User :MLAL

Order : FSLC-512000760

to Beneficiary pursuant to this paragraph. Notwithstanding anything to the contrary in the immediately preceding sentence, Beneficiary shall not execute any document as attorney-in-fact of Trustor unless (x) Trustor shall have failed or refused to execute the same within five (5) Business Days after Beneficiary's request therefor, or (y) in Beneficiary's good faith determination it would be materially prejudiced by the delay involved in making such a request. Beneficiary shall give prompt notice to Trustor of any exercise of the power of attorney as provided for in this Paragraph 7, along with copies of all documents executed in connection therewith.

8.   **Recording of Deed of Trust, Etc.** Trustor forthwith upon the execution and delivery of this Deed of Trust and thereafter, from time to time, shall cause this Deed of Trust, and any security instrument creating a lien or security interest or evidencing the lien hereof upon the Trust Property and each instrument of further assurance to be filed, registered or recorded in such manner and in such places as may be required by any present or future law in order to publish notice of and fully to protect the lien or security interest hereof upon, and the interest of Beneficiary in, the Trust Property. Trustor shall pay all filing, registration or recording fees, all expenses incident to the preparation, execution and acknowledgment of and all federal, state, county and municipal, taxes, duties, imposts, documentary stamps, assessments and charges arising out of or in connection with the execution and delivery of, this Deed of Trust, any deed of trust supplemental hereto, any security instrument with respect to the Trust Property or any instrument of further assurance, except where prohibited by law so to do. Trustor shall hold harmless and indemnify Beneficiary, its successors and assigns, against any liability incurred by reason of the imposition of any tax on the making or recording of this Deed of Trust.

9.   **Right to Cure Defaults.** Upon the occurrence of any Event of Default, Beneficiary may, but without any obligation to do so and without notice to or demand on Trustor and without releasing Trustor from any obligation hereunder, perform the obligations in Default in such manner and to such extent as Beneficiary may deem necessary to protect the security hereof. Beneficiary is authorized to enter upon the Trust Property for such purposes or appear in, defend or bring any action or proceeding to protect its interest in the Trust Property or to foreclose this Deed of Trust or collect the Debt, and the cost and expense thereof (including reasonable attorneys' fees and disbursements to the extent permitted by law), with interest thereon at the Default Rate for the period after notice from Beneficiary that such cost or expense was incurred to the date of payment to Beneficiary, shall constitute a portion of the Debt, shall be secured by this Deed of Trust and the other Loan Documents and shall be due and payable to Beneficiary upon demand.

10.   **Remedies.**

(a)   Upon the occurrence of any Event of Default, Beneficiary may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Trustor and in and to the Trust Property, by Beneficiary itself or otherwise, including the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Beneficiary may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Beneficiary:

(i)   declare the entire Debt to be immediately due and payable;

6

Branch :FX8   User :MLML                                                    Order : FSLC-512000760

(ii)   give such notice of default and of election to cause the Trust Property to be sold as may be required by law or as may be necessary to cause Trustee to exercise the power of sale granted herein; Trustee shall then record and give such notice of Trustee's sale as then required by law and, after the expiration of such time as may be required by law, may sell the Trust Property at the time and place specified in the notice of sale, as a whole or in separate parcels as directed by Beneficiary, or by Trustor to the extent required by law, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale, all in accordance with applicable law.  Trustee, from time to time, may postpone or continue the sale of all or any portion of the Trust Property by public declaration at the time and place last appointed for the sale and no other notice of the postponed sale shall be required unless provided by applicable law.  Upon any sale, Trustee shall deliver its deed conveying the property sold, without any covenant or warranty, expressed or implied, to the purchaser or purchasers at the sale.  The recitals in such deed of any matters or facts shall be conclusive as to the accuracy thereof;

(iii)   institute a proceeding or proceedings, judicial or nonjudicial, to the extent permitted by law, by advertisement or otherwise, for the complete foreclosure of this Deed of Trust, in which case the Trust Property may be sold for cash or upon credit in one or more parcels or in several interests or portions and in any order or manner;

(iv)   with or without entry, to the extent permitted and pursuant to the procedures provided by applicable law, institute proceedings for the partial foreclosure of this Deed of Trust for the portion of the Debt then due and payable, subject to the continuing lien of this Deed of Trust for the balance of the Debt not then due;

(v)   sell for cash or upon credit the Trust Property and all estate, claim, demand, right, title and interest of Trustor therein and rights of redemption thereof, pursuant to the power of sale, to the extent permitted by law, or otherwise, at one or more sales, as an entirety or in parcels, at such time and place, upon such terms and after such notice thereof as may be required or permitted by law;

(vi)   institute an action, suit or proceeding in equity for the specific performance of any covenant, condition or agreement contained herein or in any other Loan Document;

(vii)   recover judgment on the Note either before, during or after any proceeding for the enforcement of this Deed of Trust;

(viii)   apply for the appointment of a trustee, receiver, liquidator or conservator of the Trust Property, without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of the Trustor or of any person, firm or other entity liable for the payment of the Debt;

(ix)   enforce Beneficiary's interest in the Leases and Rents and enter into or upon the Trust Property, either personally or by its agents, nominees or attorneys and dispossess Trustor and its agents and employees therefrom, and thereupon Beneficiary may (A) use, operate, manage, control, insure, maintain, repair, restore and otherwise deal with

7

Branch :FX8    User :MEAL                                                      Order : FSLC-512000760

the Trust Property and conduct the business thereat; (B) complete any construction on the Trust Property in such manner and form as Beneficiary deems advisable; (C) make alterations, additions, renewals, replacements and improvements to or on the Trust Property; (D) exercise all rights and powers of Trustor with respect to the Trust Property, whether in the name of Trustor or otherwise, including the right to make, cancel, enforce or modify Leases, obtain and evict tenants, and demand, sue for, collect and receive Rents; and (E) apply the receipts from the Trust Property to the payment of the Debt, after deducting therefrom all expenses (including reasonable attorneys' fees and disbursements) incurred in connection with the aforesaid operations and all amounts necessary to pay the Taxes, insurance and other charges in connection with the Trust Property, as well as just and reasonable compensation for the services of Beneficiary, and its counsel, agents and employees;

(x)    require Trustor to pay monthly in advance to Beneficiary, or any receiver appointed to collect the Rents, the fair and reasonable rental value for the use and occupation of any portion of the Trust Property occupied by Trustor, and require Trustor to vacate and surrender possession of the Trust Property to Beneficiary or to such receiver, and, in default thereof, evict Trustor by summary proceedings or otherwise; or

(xi)    pursue such other rights and remedies as may be available at law or in equity or under the UCC, including the right to receive and/or establish a lock box for all Rents and proceeds from the Intangibles and any other receivables or rights to payments of Trustor relating to the Trust Property.

In the event of a sale, by foreclosure or otherwise, of less than all of the Trust Property, this Deed of Trust shall continue as a lien on the remaining portion of the Trust Property.

(b)    The proceeds of any sale made under or by virtue of this Paragraph 10, together with any other sums which then may be held by Beneficiary under this Deed of Trust, whether under the provisions of this paragraph or otherwise, shall be applied by Beneficiary to the payment of the Debt in such priority and proportion as Beneficiary in its sole discretion shall deem proper.

(c)    Beneficiary may adjourn from time to time any sale by it to be made under or by virtue of this Deed of Trust by announcement at the time and place appointed for such sale or for such adjourned sale or sales; and, except as otherwise provided by any applicable law, Beneficiary, without further notice or publication, may make such sale at the time and place to which the same shall be so adjourned.

(d)    Upon the completion of any sale or sales pursuant hereto, Beneficiary, or an officer of any court empowered to do so, shall execute and deliver to the accepted purchaser or purchasers a good and sufficient instrument, or good and sufficient instruments, conveying, assigning and transferring all estate, right, title and interest in and to the property and rights sold. Beneficiary is hereby irrevocably appointed the true and lawful attorney of Trustor, in its name and stead, to make all necessary conveyances, assignments, transfers and deliveries of the Trust Property and rights so sold and for that purpose Beneficiary may execute all necessary instruments of conveyance, assignment and transfer, and may substitute one or more persons with like power,

8

Branch :FX8   User :MLAL                                                              Order : FSLC-512000760

Trustor hereby ratifying and confirming all that its said attorney or such substitute or substitutes shall lawfully do by virtue hereof. Any sale or sales made under or by virtue of this Paragraph 10, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, shall operate to divest all the estate, right, title, interest, claim and demand whatsoever, whether at law or in equity, of Trustor in and to the properties and rights so sold, and shall be a perpetual bar both at law and in equity against Trustor and against any and all persons claiming or who may claim the same, or any part thereof, from, through or under Trustor.

(e)     Upon any sale made under or by virtue of this Paragraph 10, whether made under a power of sale or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, Beneficiary may bid for and acquire the Trust Property or any part thereof and in lieu of paying cash therefor may make settlement for the purchase price by crediting upon the Debt the net sales price after deducting therefrom the expenses of the sale and costs of the action and any other sums which Beneficiary is authorized to deduct under this Deed of Trust or any other Loan Document.

(f)     No recovery of any judgment by Beneficiary and no levy of an execution under any judgment upon the Trust Property or upon any other property of Trustor shall affect in any manner or to any extent the lien of this Deed of Trust upon the Trust Property or any part thereof, or any liens, rights, powers or remedies of Beneficiary hereunder, but such liens, rights, powers and remedies of Beneficiary shall continue unimpaired as before.

(g)     Beneficiary may terminate or rescind any proceeding or other action brought in connection with its exercise of the remedies provided in this Paragraph 10 at any time before the conclusion thereof, as determined in Beneficiary's sole discretion and without prejudice to Beneficiary.

(h)     Beneficiary may resort to any remedies and the security given by this Deed of Trust or in any other Loan Document in whole or in part, and in such portions and in such order as determined by Beneficiary's sole discretion. No such action shall in any way be considered a waiver of any rights, benefits or remedies evidenced or provided by any Loan Document. The failure of Beneficiary to exercise any right, remedy or option provided in any Loan Document shall not be deemed a waiver of such right, remedy or option or of any covenant or obligation secured by any Loan Document. No acceptance by Beneficiary of any payment after the occurrence of any Event of Default and no payment by Beneficiary of any obligation for which Trustor is liable hereunder shall be deemed to waive or cure any Event of Default, or Trustor's liability to pay such obligation. No sale of all or any portion of the Trust Property, no forbearance on the part of Beneficiary, and no extension of time for the payment of the whole or any portion of the Debt or any other indulgence given by Beneficiary to Trustor, shall operate to release or in any manner affect the interest of Beneficiary in the remaining Trust Property or the liability of Trustor to pay the Debt. No waiver by Beneficiary shall be effective unless it is in writing and then only to the extent specifically stated. All costs and expenses of Beneficiary in exercising its rights and remedies under this Paragraph 10 (including reasonable attorneys' fees and disbursements to the extent permitted by law), shall be paid by Trustor immediately upon notice from Beneficiary, with interest at the Default Rate for the period after notice from Beneficiary,

9

Exhibit A - Page 17

Branch :FX8   User :MLAL                                                    Order : FSLC-512000760

and such costs and expenses shall constitute a portion of the Debt and shall be secured by this Deed of Trust.

(i)    The interests and rights of Beneficiary under the Loan Documents shall not be impaired by any indulgence, including (i) any renewal, extension or modification which Beneficiary may grant with respect to any of the Debt, (ii) any surrender, compromise, release, renewal, extension, exchange or substitution which Beneficiary may grant with respect to the Trust Property or any portion thereof or (iii) any release or indulgence granted to any maker, endorser, guarantor or surety of any of the Debt.

11.    <u>Right of Entry.</u>  In addition to any other rights or remedies granted under this Deed of Trust, Beneficiary and its agents shall have the right to enter and inspect the Trust Property at any reasonable time during the term of this Deed of Trust.  The cost of such inspections or audits shall be borne by Trustor should Beneficiary determine that an Event of Default exists, including the cost of all follow up or additional investigations or inquiries deemed reasonably necessary by Beneficiary.  The cost of such inspections, if not paid for by Trustor following demand, may be added to the principal balance of the sums due under the Note and this Deed of Trust and shall bear interest thereafter until paid at the Default Rate.

12.    <u>Security Agreement.</u>  This Deed of Trust is both a real property deed of trust and a "security agreement" within the meaning of the UCC.  The Trust Property includes both real and personal property and all other rights and interests, whether tangible or intangible in nature, of Trustor in the Trust Property.  Trustor by executing and delivering this Deed of Trust has granted and hereby grants to Beneficiary, as security for the Debt, a security interest in the Trust Property to the full extent that the Trust Property may be subject to the UCC (such portion of the Trust Property so subject to the UCC being called in this paragraph the "*Collateral*").  The foregoing sentence is intended to grant in favor of Beneficiary a first priority continuing lien and security interest in all of Trustor's assets.  Trustor authorizes Beneficiary and its counsel to file UCC financing statements in form and substance satisfactory to Beneficiary, describing the collateral as "all assets of Trustor, whether now owned or existing or hereafter acquired or arising and wheresoever located, and all proceeds and products thereof, including, without limitation, all fixtures on the Premises" or words to that effect, and any limitations on such collateral description, notwithstanding that such collateral description may be broader in scope than the Collateral described in this Deed of Trust.  This Deed of Trust shall also constitute a "fixture filing" for the purposes of the UCC.  As such, this Deed of Trust covers all items of the Collateral that are or are to become fixtures.  Information concerning the security interest herein granted may be obtained from the parties at the addresses of the parties set forth in the first paragraph of this Deed of Trust.  If an Event of Default shall occur, Beneficiary, in addition to any other rights and remedies which it may have, shall have and may exercise immediately and without demand, any and all rights and remedies granted to a secured party upon default under the UCC, including, without limiting the generality of the foregoing, the right to take possession of the Collateral or any part thereof, and to take such other measures as Beneficiary may deem necessary for the care, protection and preservation of the Collateral.  Upon request or demand of Beneficiary, Trustor shall at its expense assemble the Collateral and make it available to Beneficiary at a convenient place acceptable to Beneficiary.  Trustor shall pay to Beneficiary on demand any and all expenses, including reasonable attorneys' fees and disbursements, incurred or paid by Beneficiary in protecting the interest in the Collateral and in enforcing the rights hereunder with respect to the Collateral.  Any

10

Branch :FX8   User :MLAL                                          Order : FSLC-512000760

notice of sale, disposition or other intended action by Beneficiary with respect to the Collateral, sent to Trustor in accordance with the provisions hereof at least ten days prior to such action, shall constitute commercially reasonable notice to Trustor. The proceeds of any disposition of the Collateral, or any part thereof, may be applied by Beneficiary to the payment of the Debt in such priority and proportions as Beneficiary in its sole discretion shall deem proper. In the event of any change in name, identity or structure of Trustor, Trustor shall notify Beneficiary thereof and promptly after request shall execute, file and record such UCC forms as are necessary to maintain the priority of Beneficiary's lien upon and security interest in the Collateral, and shall pay all expenses and fees in connection with the filing and recording thereof. If Beneficiary shall require the filing or recording of additional UCC forms or continuation statements, Trustor shall, promptly after request, execute, file and record such UCC forms or continuation statements as Beneficiary shall deem necessary, and shall pay all expenses and fees in connection with the filing and recording thereof, it being understood and agreed, however, that no such additional documents shall increase Trustor's obligations under the Loan Documents.

       13.    <u>Actions and Proceedings</u>. Beneficiary has the right to appear in and defend any action or proceeding brought with respect to the Trust Property and to bring any action or proceeding, in the name and on behalf of Trustor, which Beneficiary, in its sole discretion, decides should be brought to protect its or their interest in the Trust Property. Beneficiary shall, at its option, be subrogated to the lien of any deed of trust or other security instrument discharged in whole or in part by the Debt, and any such subrogation rights shall constitute additional security for the payment of the Debt.

       14.    <u>Marshalling and Other Matters</u>. Trustor hereby waives, to the extent permitted by law, the benefit of all appraisement, valuation, stay, extension, reinstatement and redemption laws now or hereafter in force and all rights of marshalling in the event of any sale hereunder of the Trust Property or any part thereof or any interest therein. Further, Trustor hereby expressly waives any and all rights of redemption from sale under any order or decree of foreclosure of this Deed of Trust on behalf of Trustor, and on behalf of each and every person acquiring any interest in or title to the Trust Property subsequent to the date of this Deed of Trust and on behalf of all persons to the extent permitted by applicable law. The lien of this Deed of Trust shall be absolute and unconditional and shall not in any manner be affected or impaired by any acts or omissions whatsoever of Beneficiary and, without limiting the generality of the foregoing, the lien hereof shall not be impaired by (i) any acceptance by Beneficiary of any other security for any portion of the Debt, (ii) any failure, neglect or omission on the part of Beneficiary to realize upon or protect any portion of the Debt or any collateral security therefor or (iii) any release (except as to the property released), sale, pledge, surrender, compromise, settlement, renewal, extension, indulgence, alteration, change, modification or disposition of any portion of the Debt or of any of the collateral security therefor; and Beneficiary may foreclose, or exercise any other remedy available to Beneficiary under other Loan Documents without first exercising or enforcing any of its remedies under this Deed of Trust, and any exercise of the rights and remedies of Beneficiary hereunder shall not in any manner impair the Debt or the liens of any other Loan Document or any of Beneficiary's rights and remedies thereunder.

       15.    <u>Notices.</u> All notices, consents, approvals and requests required or permitted hereunder shall be in writing, and shall be sent, and shall be deemed effective, as provided in the Loan Agreement.

11

Exhibit A - Page 19

Branch :FX8    User :MLAL                                              Order : FSLC-512000760

16.    Inapplicable Provisions.  If any term, covenant or condition of this Deed
of Trust is held to be invalid, illegal or unenforceable in any respect, this Deed of Trust shall be
construed without such provision.

17.    Headings.    The paragraph headings in this Deed of Trust are for
convenience of reference only and are not to be construed as defining or limiting, in any way, the
scope or intent of the provisions hereof.

18.    Duplicate Originals.  This Deed of Trust may be executed in any number
of duplicate originals and each such duplicate original shall be deemed to be an original.

19.    Definitions.  Unless the context clearly indicates a contrary intent or unless
otherwise specifically provided herein, words used in this Deed of Trust may be used
interchangeably in singular or plural form; and the word "*Trustor*" shall mean "each Trustor and
any subsequent owner or owners of the Trust Property or any part thereof or any interest therein,"
the word "*Beneficiary*" shall mean "Beneficiary and any subsequent holder of the Note," the words
"*Trust Property*" shall include any portion of the Trust Property and any interest therein, the word
"*including*" means "including but not limited to" and the words "*attorneys' fees*" shall include
any and all attorneys' fees, paralegal and law clerk fees, including fees at the pre-trial, trial and
appellate levels incurred or paid by Beneficiary in protecting its interest in the Trust Property and
Collateral and enforcing its rights hereunder.

20.    Homestead.    Trustor hereby waives and renounces all homestead and
exemption rights provided by the Constitution and the laws of the United States and of any state,
in and to the Trust Property as against the collection of the Debt, or any part thereof.

21.    Assignments.  Beneficiary shall have the right to assign or transfer its rights
under this Deed of Trust without limitation.  Any assignee or transferee shall be entitled to all the
benefits afforded Beneficiary under this Deed of Trust.

22.    Waiver of Jury Trial.  TRUSTOR HEREBY AGREES NOT TO
ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY, AND
WAIVES ANY RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY
SUCH RIGHT SHALL NOW OR HEREAFTER EXIST WITH REGARD TO THIS DEED
OF TRUST OR ANY OTHER LOAN DOCUMENT, OR ANY CLAIM, COUNTERCLAIM
OR OTHER ACTION ARISING IN CONNECTION THEREWITH.  THIS WAIVER OF
RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY
TRUSTOR, AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE
AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD
OTHERWISE ACCRUE.  BENEFICIARY IS HEREBY AUTHORIZED TO FILE A COPY
OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF
THIS WAIVER BY TRUSTOR.

23.    Consents.  Any consent or approval by Beneficiary in any single instance
shall not be deemed or construed to be Beneficiary's consent or approval in any like matter arising
at a subsequent date, and the failure of Beneficiary to promptly exercise any right, power, remedy,
consent or approval provided herein or at law or in equity shall not constitute or be construed as a

12

Branch :FX8   User :MLAL                                                Order : FSLC-512000760

waiver of the same nor shall Beneficiary be estopped from exercising such right, power, remedy, consent or approval at a later date. Any consent or approval requested of and granted by Beneficiary pursuant hereto shall be narrowly construed to be applicable only to Trustor and the matter identified in such consent or approval and no third party shall claim any benefit by reason thereof, and any such consent or approval shall not be deemed to constitute Beneficiary a venturer or partner with Trustor nor shall privity of contract be presumed to have been established with any such third party. If Beneficiary deems it to be in its best interest to retain assistance of persons, firms or corporations (including attorneys, title insurance companies, appraisers, engineers and surveyors) with respect to a request for consent or approval, Trustor shall reimburse Beneficiary for all costs reasonably incurred in connection with the employment of such persons, firms or corporations.

     24.    <u>Loan Repayment</u>. Provided no Event of Default exists, the Lien of this Deed of Trust shall be terminated, released and reconveyed of record by Beneficiary (and the Trustee, to the extent required by law to effect a full and proper termination, release and reconveyance) prior to the Maturity Date only in accordance with the terms and provisions set forth in the Loan Agreement.

     25.    <u>Intentionally Omitted</u>.

     26.    <u>Governing Law</u>. WITH RESPECT TO MATTERS RELATING TO THE CREATION, PERFECTION AND PROCEDURES RELATING TO THE ENFORCEMENT OF THIS DEED OF TRUST, THIS DEED OF TRUST SHALL BE GOVERNED BY, AND BE CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE IN WHICH THE TRUST PROPERTY IS LOCATED, IT BEING UNDERSTOOD THAT, EXCEPT AS EXPRESSLY SET FORTH ABOVE IN THIS PARAGRAPH AND TO THE FULLEST EXTENT PERMITTED BY THE LAW OF SUCH STATE, THE LAW OF THE STATE OF NEW YORK WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES SHALL GOVERN ALL MATTERS RELATING TO THIS DEED OF TRUST AND THE OTHER LOAN DOCUMENTS AND ALL OF THE INDEBTEDNESS OR OBLIGATIONS ARISING HEREUNDER OR THEREUNDER. ALL PROVISIONS OF THE LOAN AGREEMENT INCORPORATED HEREIN BY REFERENCE SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES, AS SET FORTH IN THE GOVERNING LAW PROVISION OF THE LOAN AGREEMENT.

     27.    <u>Exculpation</u>. The liability of Trustor hereunder is limited pursuant to Section 10.1 of the Loan Agreement.

     28.    <u>Trustee; Successor Trustee</u>. Trustee shall not be liable for any error of judgment or act done by Trustee, or be otherwise responsible or accountable under any circumstances whatsoever, except if the result of Trustee's gross negligence or willful misconduct. Trustee shall not be personally liable in case of entry by him or anyone acting by virtue of the powers herein granted him upon the Trust Property for debts contracted or liability or damages or damages incurred in the management or operation of the Trust Property. Trustee shall have the right to rely on any instrument, document or signature authorizing or supporting any action taken

13

Branch :FX8   User :MLAL                                                      Order : FSLC-512000760

or proposed to be taken by him hereunder or believed by him to be genuine.  Trustee shall be entitled to reimbursement for actual expenses incurred by him in the performance of his duties hereunder and to reasonable compensation for such of his services hereunder as shall be rendered. Trustor will, from time to time, reimburse Trustee for and save and hold him harmless from and against any and all loss, cost, liability, damage and reasonable expense whatsoever incurred by him in the performance of his duties.  All monies received by Trustee shall, until used or applied as herein provided, be held in trust for the purposes for which they were received, but need not be segregated in any manner from any other monies (except to the extent required by law) and Trustee shall be under no liability for interest on any monies received by him hereunder.  Trustee may resign by giving of notice of such resignation in writing to Beneficiary.  If Trustee shall die, resign or become disqualified from acting in the execution of this trust or shall fail or refuse to exercise the same when requested by Beneficiary or if for any or no reason and without cause Beneficiary shall prefer to appoint a substitute trustee to act instead of the original Trustee named herein, or any prior successor or substitute trustee, Beneficiary shall, without any formality or notice to Trustor or any other person, have full power to appoint a substitute trustee and, if Beneficiary so elects, several substitute trustees in succession who shall succeed to all the estate, rights, powers and duties of the aforenamed Trustee.  Each appointment and substitution shall be evidenced by an instrument in writing which shall recite the parties to, and the book and page of record of, this Deed of Trust, and the description of the real property herein described, which instrument, executed and acknowledged by Beneficiary, shall (i) be conclusive proof of the proper substitution and appointment of such successor Trustee or Trustees, (ii) duly assign and transfer all the estates, properties, rights, powers and trusts of Trustee so ceasing to act and (iii) be notice of such proper substitution and appointment to all parties in interest.  In addition, such Trustee ceasing to act shall duly assign, transfer, and deliver any of the property and monies held by Trustee to the successor Trustee so appointed in its or his place.  The Trustee may act in the execution of this trust and may authorize one or more parties to act on his behalf to perform the ministerial functions required of him hereunder, including without limitation, the transmittal and posting of any notices and it shall not be necessary for any Trustee to be present in person at any foreclosure sale.

## PART II - CALIFORNIA-SPECIFIC PROVISIONS

29.    **Conflicts With Part I.**  In the event of any conflict between the provisions of this Part II and any provision of Part I, then the provisions of this Part II shall control.

30.    **No "Mortgagee-in-Possession" Status.**  Neither the assignment of Leases and Rents contained in this Deed of Trust, nor the exercise by Beneficiary of any of its rights or remedies under this Deed of Trust shall be deemed to make Beneficiary a "mortgagee-in-possession" or otherwise liable in any manner with respect to the Trust Property, unless Beneficiary, in person or by agent, assumes actual possession thereof.  Nor shall appointment of a receiver for the Trust Property by any court at the request of Beneficiary or by agreement with Trustor, or the entering into possession of the Trust Property by such receiver, be deemed to make Beneficiary a "mortgagee-in-possession" or otherwise liable in any manner with respect to the Trust Property.

31.    **Power of Sale.**  This instrument may be foreclosed in any manner permitted by the laws of the State of California.  The sale or sales of less than the whole of the Trust Property shall not exhaust the power of sale herein granted, and Trustee is specifically empowered to make

14

Branch :FX8   User :MLAL.                                    Order : FSLC-512000760

successive sales under such power until the whole of the Trust Property shall be sold. Should Beneficiary elect to invoke the power of sale the Trust Property, or any part thereof, which is real property as provided above, Beneficiary or Trustee shall give such notice of default and election to sell as may then be required by law. Thereafter, upon the expiration of such time and the giving of such notice of sale as may then be required by law, and without the necessity of any demand on Trustor, Trustee, at the time and place specified in the notice of sale, shall sell the Trust Property or any part thereof at public auction to the highest bidder for cash in lawful money of the United States, or cash equivalent acceptable to Trustee and Beneficiary, payable at time of sale. After deducting all costs, fees and expenses of Trustee and of this trust, including costs of evidence of title in connection with the sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under this Deed of Trust, not then repaid, with interest thereon from the date of expenditure until paid at the Default Rate; all indebtedness and other obligations secured hereby; and the remainder, if any, to the person or persons legally entitled thereto. Trustee may, and upon request of Beneficiary shall, from time to time, postpone any sale hereunder by public announcement thereof at the time and place noticed therefor or by giving notice of the time and place of the postponed sale in the manner required by law. If the Trust Property consists of several lots, parcels or items of property, Beneficiary may designate the order in which such lots, parcels or items shall be offered for sale or sold. Should Beneficiary desire that more than one sale or other disposition of the Trust Property be conducted, Beneficiary may, at its option, cause the same to be conducted simultaneously, or successively, on the same day, or at such different times and in such order as Beneficiary may deem to be in its best interests, and no such sale shall terminate or otherwise affect the lien of this Deed of Trust on any part of the Trust Property not sold until all indebtedness secured hereby has been fully paid. In the event of default of any purchaser, Trustee shall have the right to resell the Trust Property as set forth above. Beneficiary may from time to time rescind any notice of default or notice of sale before any Trustee's sale in accordance with the laws of the State of California. The exercise by Beneficiary of such right of rescission shall not constitute a waiver of any breach or default then existing or subsequently occurring, or impair the right of Beneficiary to execute and deliver to Trustee, as above provided, other declarations or notices of default to satisfy the obligations of this Deed of Trust or secured hereby, nor otherwise affect any provision, covenant or condition of any Loan Document or any of the rights, obligations or remedies of Trustee or Beneficiary hereunder or thereunder. Notwithstanding anything to the contrary contained herein, Trustee shall (to the extent permitted by applicable law) allocate or apply the proceeds of sale (including the amount of any credit bid) in such manner and in such priority as Beneficiary may elect in its sole and absolute discretion. Notwithstanding anything to the contrary contained herein, Beneficiary's rights and remedies under California Code of Civil Procedure Section 736 shall not be waived, limited or otherwise adversely affected by virtue of a full or partial credit bid upon foreclosure of this Deed of Trust.

      32.    <u>Foreclosure</u>. In addition to any other right, with or without a foreclosure, Beneficiary may institute a judicial action for the foreclosure or enforcement of the assignments, liens, and security interests hereof subject to the terms of the Loan Documents and applicable California law. If a nonjudicial foreclosure hereunder is commenced by Beneficiary, Beneficiary, at any time before the sale, may abandon the sale and judicially foreclose and/or enforce the assignments, liens and security interests hereof subject to the terms of the Loan Documents and applicable California law. If Beneficiary should institute a suit for judicial foreclosure or enforcement of the assignments, liens, and security interests hereof, Beneficiary may, at any time before the entry of a final judgment in such suit, dismiss the same, and sell the Trust Property, or

15

Branch :FX8   User :MLAL                                            Order : FSLC-512000760

any part thereof, in accordance with the power of sale provisions of this Deed of Trust. To the extent applicable, with respect to fixtures, Beneficiary or Trustee may elect to treat same as either real property or personal property and proceed to exercise such rights and remedies applicable to the categorization so chosen. Beneficiary may proceed against the real property and any personal property (and other Collateral) separately or together in any order whatsoever, without in any way affecting or waiving Beneficiary's rights and remedies under the California Commercial Code, this Deed of Trust, the Note and the other Loan Documents.

33.   **Rights Cumulative**. Every right, power and remedy granted to Trustee or Beneficiary in this Deed of Trust shall be cumulative and not exclusive, and in addition to all right, powers and remedies granted at law or in equity or by statute, and the exercise of any such right, power or remedy shall not be deemed a waiver of the right to exercise, at the same time or thereafter, any other right, power or remedy. Trustor hereby requests that a copy of any notice of default and of notice of sale under this Deed of Trust be mailed to Trustor at the address of Trustor set forth in the Loan Agreement as required by applicable law.

34.   **Environmental Impairment**. Subject to the terms and conditions of the Loan Agreement, Beneficiary may waive its lien against the Trust Property or any portion thereof, whether fixtures or personal property, to the extent such property is found to be "environmentally impaired" or an "affected parcel" in accordance with California Code of Civil Procedure Section 726.5 and may exercise any and all rights and remedies of an unsecured creditor against Trustor and all of Trustor's assets and property for the recovery of any deficiency and Environmental Costs (as hereinafter defined), including, but not limited to, seeking an attachment order under California Code of Civil Procedure Section 483.010. The term "Environmental Costs" shall mean any costs, damages, expenses, fees, penalties, fines, judgments, indemnification payments to third parties, and other out-of-pocket costs or expenses actually incurred or advanced by Beneficiary relating to the cleanup, remediation or other response action required by Environmental Laws or which Beneficiary believes necessary to protect the Trust Property. As between Beneficiary and Trustor, for purposes of California Code of Civil Procedure Section 726.5, Trustor shall have the burden of proving that Trustor or any related party (or any Affiliate or agent of Trustor or any related party) was not in any way negligent in permitting the release or threatened release of Hazardous Substances. Trustor acknowledges and agrees that, subject to any term or provision contained herein or in the other Loan Documents, all judgments and awards entered against Trustor pursuant to this paragraph, paragraph (e) below, and all Environmental Costs, shall be exceptions to any nonrecourse or exculpatory provision of the Loan Documents, and Trustor shall be fully and personally liable for all judgments and awards entered against Trustor under this paragraph, paragraph (e) below, and Environmental Costs, and such liability shall not be limited to the original principal amount of the obligations secured by this Deed of Trust and Trustor's obligations shall survive the foreclosure, deed in lieu of foreclosure, release, reconveyance or any other transfer of the Trust Property or this Deed of Trust. For the purpose of any action brought under this Section or Section 35(e) below, Trustor waives the defense of laches and any applicable statute of limitations.

35.   **Breach of Environmental Provisions**.

(a)   Subject to the terms and conditions of the Loan Agreement, Beneficiary may seek a judgment that Trustor has breached its covenants, representations, warranties and/or

16

Branch :FX8   User :MLAL                                                    Order : FSLC-512000760

other provisions with respect to environmental matters contained in this Deed of Trust or any other Loan Document, by commencing and maintaining an action or actions in any court of competent jurisdiction for breach of contract pursuant to California Code of Civil Procedure Section 736, whether commenced prior to or after foreclosure of the Trust Property, and may seek the recovery of Environmental Costs, it being conclusively presumed between Beneficiary and Trustor that all such Environmental Costs incurred or advanced by Beneficiary relating to the cleanup, remediation or other action of or to the Trust Property were made by Beneficiary in good faith. All Environmental Costs incurred by Beneficiary under this Section shall bear interest at the Default Rate from the date of expenditure until said sums have been paid.  Beneficiary shall be entitled to bid, at any sale of the Trust Property under this Deed of Trust, the amount Environmental Costs so incurred in addition to the amount of the other obligations hereby secured as a credit bid, the equivalent of cash.

(b)     Without limiting any of the remedies provided in the Loan Documents, Trustor acknowledges and agrees that the provisions of Paragraphs 4.21 and 5.8 of the Loan Agreement are environmental provisions (as defined in Section 736(f)(2) of the California Code of Civil Procedure) made by Trustor relating to the real property security (the "*Environmental Provisions*").  Trustor's breach or a failure to comply with the Environmental Provisions shall constitute a breach of contract entitling Beneficiary to all remedies provided under Section 736 of the California Code of Civil Procedure for the recovery of damages and for the enforcement of the Environmental Provisions.  Pursuant to Section 736, Beneficiary's action for recovery of damages or enforcement of the Environmental Provisions shall not constitute an action within the meaning of Section 726(a) of the California Code of Civil Procedure or constitute a money judgment for a deficiency or a deficiency judgment within the meaning of Sections 580a, 580b, 580d and 726(b) of the California Code of Civil Procedure.  The rights and remedies provided for under the Loan Documents are separate and distinct causes of action that shall not be abrogated, modified, limited or otherwise affected by the remedies provided under Section 736(a) of the California Code of Civil Procedure.

(c)     In the event Beneficiary elects, in accordance with California Code of Civil Procedure Section 726.5, to waive all or part of the security of this Deed of Trust and proceed against Trustor on an unsecured basis, the valuation of the real property, the determination of the environmentally impaired status of such security and any cause of action for a money judgment shall, at the request of Beneficiary, be referred to a referee in accordance with California Code of Civil Procedure Sections 638 et seq.  Such referee shall be an M.A.I. appraiser selected by Beneficiary and approved by Trustor, which approval shall not be unreasonably withheld or delayed.  If the parties cannot agree on an M.A.I. appraiser, either party may apply to the presiding judge of the Superior Court in which the Trust Property is located to make such appointment.  The decision of such referee shall be binding upon both Trustor and Beneficiary, and judgment upon the award rendered by such referee shall be entered in the court in which such proceeding was commenced in accordance with California Code of Civil Procedure Sections 644 and 645.  Trustor shall pay all reasonable costs and expenses incurred by Beneficiary in connection with any proceeding under California Code of Civil Procedure 726.5, as such Section may be amended from time to time.

(d)     Beneficiary or its agents, acting by themselves or through a court appointed receiver, may upon reasonable advance notice to Trustor and an opportunity to be present, enter

17

Exhibit A - Page 25

EXHIBIT D
Page 139

Branch :FX8   User :MLAL                                                 Order : FSLC-512000760

upon the Trust Property or any part thereof and may perform such acts and things as Beneficiary deems reasonably necessary or desirable to inspect, investigate, assess, and protect the security hereof, including without limitation of any of its other rights: (i) obtain a court order to enforce Beneficiary's right to enter and inspect the Trust Property under California Civil Code Section 2929.5, to which the decision of Beneficiary as to whether there exists a release or threatened release of a Hazardous Substance onto the Trust Property shall be deemed reasonable and conclusive as between the parties hereto; and (ii) have a receiver appointed under California Code of Civil Procedure Section 564 to enforce Beneficiary's right to enter and inspect Property for Hazardous Substances. Subject to the Loan Documents, all reasonable costs and expenses incurred by Beneficiary with respect to the audits, tests, inspections and examinations which Beneficiary or its agents or employees may conduct, including the reasonable fees of the engineers, laboratories, contractors, consultants and attorneys, shall become part of the indebtedness secured hereby and shall be paid by Trustor upon demand with interest at the Default Rate from the date when paid by Beneficiary. Beneficiary may seek a judgment that Trustor has breached its covenants, representations, warranties and/or other provisions with respect to this Deed of Trust or the other Loan Documents by commencing and maintaining an action or actions in any court of competent jurisdiction for breach of contract pursuant to California Code of Civil Procedure Section 736, whether commenced prior to or after foreclosure of the Trust Property, and may seek the recovery of Environmental Costs, it being conclusively presumed between Beneficiary and Trustor that all such Environmental Costs incurred or advanced by Beneficiary relating to the cleanup, remediation or other response action of or to the Trust Property were made by Beneficiary in good faith. Trustor acknowledges that such an action shall not constitute an action within the meaning of Section 726(a) of the California Code of Civil Procedure or constitute a money judgment for a deficiency or a deficiency judgment within the meaning of Sections 580a, 580b, 580d or 726(b) of the California Code of Civil Procedure. All Environmental Costs incurred by Beneficiary under this subsection (including court costs, reasonable consultant fees and reasonable attorneys' fees and disbursements, whether incurred in litigation or not and whether before or after judgment) shall bear interest at the Default Rate from the date of expenditure until said sums have been paid. Beneficiary shall be entitled to bid, at the sale of the Trust Property held under any provision of this Deed of Trust, the amount of said costs, expenses and interest in addition to the amount of the other obligations hereby secured as a credit bid, the equivalent of cash.

(e)    Nothing herein shall be deemed to limit the right of Beneficiary to recover, in accordance with California Code of Civil Procedure Section 736 (as such Section may be amended from time to time), any reasonable costs, expenses, liabilities or damages, including reasonable attorneys' fees and costs, incurred by Beneficiary and arising from any covenant, obligation, liability, representation or warranty contained in any Loan Document given to Beneficiary (including, without limitation, the environmental indemnity provisions of the Loan Agreement), or any order, consent decree or settlement relating to the cleanup of Hazardous Substances or any other "environmental provision" (as defined in such Section 736) relating to the Trust Property or any portion thereof or the right of Beneficiary to waive, in accordance with the California Code of Civil Procedure Section 726.5 (as such Section may be amended from time to time), the security of this Deed of Trust as to any parcel of the Trust Property that is "environmentally impaired" or is an "affected parcel" (as such terms are defined in such Section 726.5), and as to any personal property attached to such parcel, and thereafter to exercise against Trustor, to the extent permitted by such Section 726.5, the rights and remedies of any unsecured

18

Branch :FX8   User :MLAL                                          Order : FSLC-512000760

creditor, including reduction of Beneficiary's claim against Trustor to judgment, and any other rights and remedies permitted by law.

36.    **Trustee's Deed Recitals.** The recitals of facts in any instrument delivered upon completion of any sales, as described in Paragraph 10(d), above, such as the existence of a default, the giving of written notice of default and notice of sale, and other facts affecting the regularity or validity of such sale or disposition, shall be conclusive proof of the truth of such facts and any such instruments shall be conclusive against all persons as to such fact recited therein.

37.    **Right of Entry.** In addition to any other rights or remedies granted under this Deed of Trust but subject to the terms and conditions of the Loan Agreement and the rights of lessees, Beneficiary and its agents, acting by themselves or through a court appointed receiver, upon reasonable advance notice to Trustor and an opportunity to be present, shall have the right to enter upon the Trust Property or any part thereof and perform such acts and things as Beneficiary deems necessary or desirable to inspect, investigate, assess, and protect the security thereof. Without limitation of any of its other rights and subject to the provisions of the Loan Agreement, Beneficiary shall have the right to: (i) obtain a court order to enforce Beneficiary's right to enter and inspect the Trust Property under California Civil Code Section 2929.5 to which the decision of Beneficiary as to whether there exists a release or threatened release of Hazardous Substances onto the Trust Property shall be deemed reasonable and conclusive as between the parties hereto and (ii) have a receiver appointed under California Code of Civil Procedure Section 564 to enforce Beneficiary's right to enter and inspect the Trust Property for Hazardous Substances.  All reasonable costs and expenses incurred by Beneficiary with respect to the audits, tests, inspections, and examinations which Beneficiary or its agents or employees may conduct, including the reasonable fees of the engineers, laboratories, contractors, consultants, and attorneys, shall be paid by Trustor five (5) Business Days following demand with interest at the Default Rate from the date paid by Beneficiary.  Such costs, if not paid for by Trustor following demand, may be added to the principal balance of the sums due under the Note and this Deed of Trust and shall bear interest thereafter until paid at the Default Rate.

38.    **Fixture Filing.** The personal property in which Beneficiary has a security interest includes goods which are or shall become fixtures on the Premises.  This Deed of Trust shall constitute a "fixture filing" for the purposes of the Uniform Commercial Code.  This filing is to be recorded in the real estate records of the appropriate county in which the Premises are located.

39.    **Reconveyance.** If the Debt is paid and all obligations secured by this Deed of Trust are fully performed in accordance with the terms of this Deed of Trust, the Note and the other Loan Documents, then Beneficiary agrees to request Trustee to reconvey the Trust Property and upon payment by Trustor of Trustee's fees and all other sums owing to it under this Deed of Trust, Trustee will reconvey the Trust Property without warranty to the person or persons legally entitled thereto.  The grantee in the reconveyance may be described as "the person or persons legally entitled thereto."   No reconveyance hereof shall impair Trustor's warranties and indemnities contained herein.

40.    TRUSTOR PLEASE NOTE:  IN THE EVENT OF YOUR DEFAULT, THIS DEED OF TRUST AND APPLICABLE LAW PERMITS THE TRUSTEE TO SELL THE TRUST PROPERTY AT A SALE HELD WITHOUT SUPERVISION BY ANY COURT AFTER

19

Branch :FX8   User :MLAL                                    Order : FSLC-512000760

EXPIRATION OF A PERIOD PRESCRIBED BY LAW. SEE SECTION 31 OF PART II ABOVE FOR A DESCRIPTION OF THIS PROCEDURE. UNLESS YOU PROVIDE THE GIVING OF NOTICE, YOU MAY NOT BE ENTITLED TO OTHER NOTICE OF THE COMMENCEMENT OF SALE PROCEEDINGS. BY EXECUTION OF THIS DEED OF TRUST, YOU CONSENT TO THIS PROCEDURE. IF YOU HAVE ANY QUESTIONS CONCERNING IT, YOU SHOULD CONSULT YOUR LEGAL ADVISOR. BENEFICIARY AND TRUSTEE URGE YOU TO GIVE BENEFICIARY PROMPT NOTICE OF ANY CHANGE IN YOUR ADDRESS SO THAT YOU MAY RECEIVE ANY NOTICE OF DEFAULT AND NOTICE OF SALE GIVEN PURSUANT TO THIS DEED OF TRUST.

**41.    Border Zone Property.** To Trustor's actual knowledge and except as disclosed in the Environmental Report, Trustor represents and warrants that the Premises have not been designated as Border Zone Property under the provisions of California Health and Safety Code, Sections 25220 et seq. or any regulation adopted in accordance therewith, and there has been no occurrence or condition on any real property adjoining the Trust Property that is reasonably likely to cause the Trust Property or any part thereof to be designated as Border Zone Property.

**42.    Insurance Notice.** Beneficiary hereby notifies Trustor of the provisions of Section 2955.5(a) of the California Civil Code, which reads as follows:

> "No lender shall require a borrower, as a condition of receiving or maintaining a loan secured by real property, to provide hazard insurance coverage against risks to the improvements on that real property in an amount exceeding the replacement value of the improvements on the property."

This disclosure is being made by Beneficiary to Trustor pursuant to Section 2955.5(b) of the California Civil Code. Trustor hereby acknowledges receipt of this disclosure and acknowledges that this disclosure has been made by Beneficiary before execution of any note or security document evidencing or securing the Loan.

**43.    Commercial Loan.** Trustor represents and warrants that the Loan is for commercial purposes, and not for personal, household or consumer purposes.

**44.    Other Loan Documents.** Notwithstanding anything to the contrary set forth herein or in the other Loan Documents with respect to the Guaranteed Obligations under the Guaranty of Recourse Obligations, this Deed of Trust secures only such Guaranteed Obligations of Trustor under such agreements and does not secure the obligation of any other Person party to such agreements.

*[Remainder of Page Intentionally Left Blank; Signature Pages Follow]*

20

Exhibit A - Page 28

EXHIBIT D
Page 142

Branch :FX8    User :MLAL                                          Order : FSLC-512000760

IN WITNESS WHEREOF, Trustor has executed this instrument as of the day and year first above written.

Trustor:

**CINEMA SQUARE, LLC,**
a Delaware limited liability company

By:    Cavaletto Family, L.P.,
       a California limited partnership,
       its sole member

By: *Larry J. Cavaletto*
Name:    Larry J. Cavaletto
Its:     General Partner

By: *Jacqueline M. Cavaletto*
Name:    Jacqueline M. Cavaletto
Its:     General Partner

*[Acknowledgments Follow]*

Branch :FX8   User :MLAL                                        Order : FSLC-512000760

### ACKNOWLEDGMENTS

> A notary public or other officer completing this certificate verifies only the
> identity of the individual who signed the document to which this certificate
> is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA   )
                      ) ss.:
COUNTY OF _Santa Barbara_ )

On _Dec 28, 2015_, before me, _Susan N. Lowe_, a Notary
Public, personally appeared Larry J. Cavaletto, who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

        I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

        WITNESS my hand and official seal.

Signature _____                    [SEAL]

> A notary public or other officer completing this certificate verifies only the
> identity of the individual who signed the document to which this certificate
> is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA   )
                      ) ss.:
COUNTY OF _Santa Barbara_ )

On _Dec 28, 2015_, before me, _Susan N. Lowe_, a Notary
Public, personally appeared Jacqueline M. Cavaletto, who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

        I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

        WITNESS my hand and official seal.

Signature _____                    [SEAL]

SUSAN N. LOWE
Commission # 2020249
Notary Public - California
Santa Barbara County
My Comm. Expires May 14, 2017

Branch :FX8   User :MLAL                                           Order : FSLC-512000760

## EXHIBIT A

### Legal Description

Parcel A:

Lot 1 as shown on Tract Map 2733, in the City of Atascadero, County of San Luis Obispo, State of California, according to the map thereof recorded August 4, 2008, in Book 31, Pages 53 through 58 of Maps, San Luis Obispo County Records.

Parcel B:

A non-exclusive easement for private waterline, construction, use, maintenance and repair of private waterline improvements and purposes incidental thereto over, under, across and through that portion of Lot 4 of Tract 2733, in the County of San Luis Obispo, State of California, as per map recorded in Book 31, Pages 53 through 58 of Maps; shown on said map as "15' Private Waterline Easement for the benefit of Lots 1-9" on Tract 2733 and as set forth in that certain instrument entitled "Grant of Easements; Declaration of Easements; And Road Maintenance Agreement", recorded August 4, 2008, as Document No. 2008039993 of Official Records.

Parcel C:

A non-exclusive easement for ingress, egress, roadway, pedestrian walkways, parking, drainage, landscaping, public and private utilities and purposes incidental thereto; over, under, across and through Lots 2, 5, and 8 of Tract 2733, in the County of San Luis Obispo, State of California, as per map recorded in Book 31, Pages 53 through 58 of Maps, as set forth in that certain instrument entitled "Grant of Easements; Declaration of Easements; and Road Maintenance Agreement", recorded August 4, 2008, as Document No. 2008039993 of Official Records.

APN/Parcel ID(s):    029-361-048 and 029-361-049

A-1

END OF DOCUMENT

Branch :FX8   User :MLAL                                    Order : FSLC-512000760

**2016017145**

Tommy Gong
San Luis Obispo - County Clerk-Recorder
04/18/2016 02:33 PM
Recorded at the request of:
PUBLIC
Titles: 1        Pages: 5
Fees: $33.00
Taxes: $0.00
Total: $33.00

PREPARED BY AND UPON
RECORDATION RETURN TO:
Anderson, McCoy & Orta
100 N. Broadway, Suite 2600
Oklahoma City, OK 73102-8822

_____

### SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

### TITLE(S)

### ASSIGNMENT OF DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS AND SECURITY AGREEMENT

Branch :FX8   User :MLAL                                    Order : FSLC-512000760

DOC #2016017145  Page 2 of 5

## ASSIGNMENT OF DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS AND SECURITY AGREEMENT

JEFFERIES LOANCORE LLC, a Delaware limited liability company
(Assignor)

to

WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT
OF THE HOLDERS OF COMM 2016-DC2 MORTGAGE TRUST COMMERCIAL
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2016-DC2
(Assignee)

County of San Luis Obispo
State of California

DOCUMENT PREPARED BY AND WHEN RECORDED, RETURN TO:
ANDERSON, McCOY & ORTA, P.C.
100 North Broadway, Suite 2600
Oklahoma City, Oklahoma 73102
Telephone: 888-236-0007

Exemption Claimed: Transfer Tax Exemption claimed under Section 11921 of the R&T Code as
Instrument is a Transfer of an Instrument securing a debt for collateral purposes only.

Branch :FX8   User :MLAL                                    Order : FSLC-512000760

DOC #2016017145 Page 3 of 5

## ASSIGNMENT OF DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS AND SECURITY AGREEMENT

JEFFERIES LOANCORE LLC, a Delaware limited liability company, having an address at c/o LoanCore Capital, 55 Railroad Avenue, Suite 100, Greenwich, CT 06830, ("Assignor"), as the holder of the instrument hereinafter described and for valuable consideration hereby endorses, assigns, sells, transfers and delivers to WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF COMM 2016-DC2 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2016-DC2, having an address at 1100 North Market Street, Wilmington, DE 19890, ("Assignee"), its successors, participants and assigns, without recourse or warranty, all right, title and interest of Assignor in and to that certain:

DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS AND SECURITY AGREEMENT made by CINEMA SQUARE, LLC, a Delaware limited liability company to Assignor dated as of December 31, 2015 and recorded on December 31, 2015, as Document Number 2015065691 in the Recorder's Office of San Luis Obispo County, California (as the same has heretofore been amended, modified, restated, supplemented, renewed or extended), securing payment of note(s) of even date therewith, in the original principal amount of $7,800,000.00, and creating a first lien on the property described in Exhibit A attached hereto and by this reference made a part hereof.

Together with any and all notes and obligations therein described, the debt and claims secured thereby and all sums of money due and to become due thereon, with interest provided for therein, and hereby irrevocably appoints Assignee hereunder its attorney to collect and receive such debt, and to foreclose, enforce and satisfy the foregoing the same as it might or could have done were these presents not executed, but at the cost and expense of Assignee.

Together with any and all other liens, privileges, security interests, rights, entitlements, equities, claims and demands as to which Assignor hereunder possesses or to which Assignor is otherwise entitled as additional security for the payment of the notes and other obligations described herein.

This Assignment shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

[SIGNATURE(S) ON THE FOLLOWING PAGE]

Reference No.: 2820.007
Matter Name: Colony Square Atascadero
Pool: COMM 2016-DC2

Exhibit B - Page 34

EXHIBIT F
Page 160

IN WITNESS WHEREOF, the Assignor has caused this instrument to be executed this
21 day of March, 2016.

JEFFERIES LOANCORE LLC, a
Delaware limited liability company

By: _____
Name:  Daniel Bennett
Title:   Managing Director

STATE OF CONNECTICUT            §
                                §
COUNTY OF FAIRFIELD             §

On the 21 day of March, 2016, before me, the undersigned, a Notary Public in and
for said state, personally appeared Daniel Bennett, personally known to me or proved to me on
the basis of satisfactory evidence to be the person whose name is subscribed to the within
instrument and acknowledged to me that he executed the same in his authorized capacity as
Managing Director of JEFFERIES LOANCORE LLC, a Delaware limited liability company,
and that by his signature on the instrument the person, or the entity upon behalf of which the
person acted, executed the instrument.

WITNESS my hand and official seal.

_____
Name: Kailey Auger
Notary Public of Connecticut

KAILEY AUGER
NOTARY PUBLIC OF CONNECTICUT
My Commission Expires 7/31/2020

Reference No.: 2820.007
Matter Name: Colony Square Atascadero
Pool: COMM 2016-DC2

Exhibit B - Page 35

Branch :FX8    User :MLAL                                    Order : FSLC-512000760

DOC #2016017145  Page 5 of 5

EXHIBIT A

LEGAL DESCRIPTION

Parcel A:

Lot 1 as shown on Tract Map 2733, in the City of Atascadero, County of San Luis Obispo, State
of California, according to the map thereof recorded August 4, 2008, in Book 31, Pages 53 through
58 of Maps, San Luis Obispo County Records.

Parcel B:

A non-exclusive easement for private waterline, construction, use, maintenance and repair of
private waterline improvements and purposes incidental thereto over, under, across and through
that portion of Lot 4 of Tract 2733, in the County of San Luis Obispo, State of California, as per
map recorded in Book 31, Pages 53 through 58 of Maps; shown on said map as "15' Private
Waterline Easement for the benefit of Lots 1-9" on Tract 2733 and as set forth in that certain
instrument entitled "Grant of Easements; Declaration of Easements; And Road Maintenance
Agreement", recorded August 4, 2008, as Document No. 2008039993 of Official Records.

Parcel C:

A non-exclusive easement for ingress, egress, roadway, pedestrian walkways, parking, drainage,
landscaping, public and private utilities and purposes incidental thereto; over, under, across and
through Lots 2, 5, and 8 of Tract 2733, in the County of San Luis Obispo, State of California, as
per map recorded in Book 31, Pages 53 through 58 of Maps, as set forth in that certain instrument
entitled "Grant of Easements; Declaration of Easements; and Road Maintenance Agreement",
recorded August 4, 2008, as Document No. 2008039993 of Official Records.

APN/Parcel ID(s):     029-361-048 and 029-361-049

Reference No.: 2820.007
Matter Name: Colony Square Atascadero
Pool: COMM 2016-DC2

END OF DOCUMENT

Exhibit B - Page 36                                    EXHIBIT F
                                                       Page 162

# Cinema Square LLC Budget June 15- Dec. 2021

Exported On: 06/11/2021 07:17 AM

Cinema Square LLC
Property: Colony Square 6917 El Camino Real Atascadero, CA
Period Range: June 15, 2021 to Dec. 2021
GL Account Map: None -use 'Property Manager master chart of accounts
Level of Detail: Detail View

| Account Name | 6/15-7/15/21 | 7/15-8/15/21 | 8/15-9/15/21 | 9/15-10/15/21 | 10/15-11/15/21 | 11/15-12/15/21 | Total |
|---|---|---|---|---|---|---|---|
| **Operating Income & Expense** | | | | | | | |
| **Income** | | | | | | | |
| Base Rent & Common Area Maintenance | | | | | | | |
| Galaxy Theatre (11)(Income estimate) | 35,000.00 | 35,000.00 | 45,000.00 | 45,000.00 | 45,000.00 | 45,000.00 | 225,000.00 |
| Que-Pasa Restaurant (12) | 7,548.60 | 7,548.60 | 7,548.60 | 7,548.60 | 7,548.60 | 7,548.60 | 37,743.00 |
| So(Do)Co (3) | 5,552.00 | 5,552.00 | 5,552.00 | 5,552.00 | 5,552.00 | 5,552.00 | 27,760.00 |
| Yogurt Creations (4) | 1,556.25 | 1,556.25 | 1,556.25 | 1,556.25 | 3,112.50 | 3,112.50 | 10,893.75 |
| Common Area Maintenance (from 2,3,4) | 5,172.16 | 5,172.16 | 5,172.16 | 5,172.16 | 5,172.16 | 5,172.16 | 25,860.80 |
| Management Fees (from 2 & 4) | 458.39 | 458.39 | 458.39 | 458.39 | 458.39 | 458.39 | 2,291.95 |
| Prepayments | 10,000.00 | | | | | | |
| **Total Operating Income** | 55,287.40 | 55,287.40 | 65,287.40 | 65,287.40 | 66,843.65 | 66,843.65 | 329,549.50 |
| **Expense** | | | | | | | |
| **Administrative Expenses** | | | | | | | |
| Bank Charges | 530.95 | 535.60 | 531.87 | 535.81 | 529.92 | 530.00 | 3,194.15 |
| Management Fees | 557.42 | 862.58 | 576.90 | 576.90 | 580.00 | 580.00 | 3,733.80 |
| US Trustee Fees | | | | | | | |
| **Total Administrative Expenses** | 1,088.37 | 1,398.18 | 1,108.77 | 1,112.71 | 1,109.92 | 1,110.00 | 6,927.95 |
| **Operations** | | | | | | | |
| Grounds Maintenance | 450.00 | 617.64 | 468.81 | 766.00 | 415.00 | 600.00 | 3,316.45 |
| Grounds - Power Washing | | | | 100.00 | | | 100.00 |
| Landscape Maintenance | 580.00 | 580.00 | 730.00 | 805.00 | 580.00 | 580.00 | 3,855.00 |
| Locks and Keys | | | | 183.37 | 483.39 | | 666.76 |
| Pest Control | 125.00 | | 125.00 | | 125.00 | | 375.00 |
| Roof Repairs and Maintenance | | 1,219.00 | | | | | 1,219.00 |
| Security, Fire, and Alarm Systems | 151.88 | 338.91 | 173.21 | 174.50 | 343.06 | 200.00 | 1,381.56 |
| Non-Reimbursable Expense | | | | | | | |
| Tenant Improvement Reimbursement | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | 1,080.00 |
| Leasing Broker's Fees | | | | | | | |
| Accountants & other consultants | | | | | | | |
| **Total Operations** | 1,466.88 | 2,935.55 | 1,677.02 | 2,207.87 | 2,126.45 | 1,560.00 | 11,993.77 |
| **Utilities** | | | | | | | |
| Electricity | 359.82 | 373.51 | 388.50 | 455.52 | 529.69 | 530.00 | 2,647.04 |
| Trash | 1,182.28 | 1,075.57 | 1,075.57 | 1,110.01 | 1,360.01 | 1,360.00 | 7,163.44 |
| Water | 211.90 | 287.50 | 249.00 | 260.90 | 269.30 | 270.00 | 1,548.60 |
| Water - Landscape | 191.80 | 264.60 | 684.60 | 387.50 | 157.50 | 160.00 | 1,846.30 |
| **Total Utilities** | 1,945.80 | 2,001.18 | 2,407.67 | 2,214.23 | 2,316.50 | 2,320.00 | 13,205.38 |
| **Total Operating Expense** | 4,521.05 | 6,334.91 | 5,193.46 | 5,534.81 | 5,552.87 | 4,990.00 | 32,127.10 |
| **NOI- Net Operating Income** | 48,952.49 | 48,952.49 | 60,093.94 | 59,752.59 | 61,290.78 | 61,853.65 | 297,422.40 |
| **Loan Payments, Prop tax, Ins., & Impounds** | | | | | | | |
| Property Tax | | | | | | 74,620.00 | 74,620.00 |
| CA. LLC Franchise Tax | | | | | | 24,000.00 | 24,000.00 |
| Insurance | | | | 41,014.00 | 41,014.00 | 41,014.00 | 123,042.00 |
| Loan Payments | | | | | | | |
| **Total Impound and Loan Payments** | | | | 41,014.00 | 41,014.00 | 139,634.00 | 221,662.00 |
| Starting Funds from operations accounts | | | | | | | |
| SBA Shuttered Venue Operators (SVOG) Grant | | | | | | | |
| **Net Cash Flow** | 5,478.95 | 5,478.95 | 60,093.94 | 18,738.59 | 20,276.78 | (77,780.35) | 75,760.40 |

Exhibit C - Page 37

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1114 State Street, Suite 200, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*):
### MOTION FOR USE OF CASH COLLATERAL

 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 6/14/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **William C Beall**    will@beallandburkhardt.com, carissa@beallandburkhardt.com (Copunsel for Debtor)
- **Brian D Fittipaldi**    brian.fittipaldi@usdoj.gov (Counsel for US Trustee)
- **Amir Gamliel**    amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com (Counsel for secured creditor Wilmington Trust etc.)
- **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov (US Trustee)

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 6/14/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**Honorable Deborah Saltzman**
**U.S. Bankruptcy Court**
**Roybal Federal Building**
**255 East Temple Street, Suite 1634**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 6/14/2021 | William C. Beall | *William C. Beall* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.