| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| David M. Neff, IL Bar No. 6190202 (admitted pro hac vice) DNeff@perkinscoie.com Amir Gamliel, CA Bar No. 268121 AGamliel@perkinscoie.com PERKINS COIE LLP 1888 Century Park E., Suite 1700 Los Angeles, CA 90067-1721 Telephone: 310.788.9900 Facsimile: 310.788.3399 | |
| ☐ *Movant appearing without an attorney* ☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| In re: CINEMA SQUARE LLC, | CASE NO.: 9:21-bk-10634 DS CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| Debtor(s). | DATE: 02/08/2022 TIME: 11:30 a.m. COURTROOM: 201 |

| **Movant:** Wilmington Trust, National Association, as Trustee, for the benefit of the Holders of COMM 2016-DC2 Mortgage Trust Commercial Mortgage Pass Through Certificates, Series 2016-DC2 |
|---|

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367      ☒ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  1/10/2022

Perkins Coie LLP
_____
Printed name of law firm (if applicable)

Amir Gamliel
_____
Printed name of individual Movant or attorney for Movant


/s/ Amir Gamliel
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☒ Other (*specify*): **Movant is the holder and beneficiary under all rights, title, interest, and remedies, loan agreement deed of trust, guaranty, and all related security agreements and other loan documents, as assignee of the original lender. See Supplemental Declaration of Kendall Green, Exhibit A through E.**

2. **The Property at Issue (Property):**

   a. Address:

   *Street address*:    **7917 El Camino Real**

   *Unit/suite number*:

   *City, state, zip code*: **Atascadero, California 93422**

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as **Exhibit  B to the Supplemental Declaration of Kendall Green.**

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter  ☐ 7  ☒ 11  ☐ 12  ☐ 13
   was filed on (*date*)  __6/14/2021__ .

   b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13  was entered on (*date*) _____.

   c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☐ Movant's interest in the Property is not adequately protected.

      (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

      (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

      (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☒ The bankruptcy case was filed in bad faith.

      (A) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

      (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

      (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

      (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

      (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

      (F) ☐ Other (*see attached continuation page*).

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                Page 3                                **F 4001-1.RFS.RP.MOTION**

(3) ☐ *(Chapter 12 or 13 cases only)*

    (A) ☐ All payments on account of the Property are being made through the plan.
☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____, which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other *(specify)*:

6. **Evidence in Support of Motion:  (D**eclaration(s) MUST be signed under penalty of perjury and attached to this *motion***)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☒ Other: **Supplemental Declaration of Kendall Green, Declaration of Steven Evans, Declaration of Amir Gamliel**

7. ☒ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                  Page 4                          **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☒ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☒ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☒ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☒ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date:  1/10/2022

Perkins Coie LLP
_____
Printed name of law firm (*if applicable*)
Amir Gamliel
_____
Printed name of individual Movant or attorney for Movant

 /s/ Amir Gamliel
_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 5                          **F 4001-1.RFS.RP.MOTION**

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) __Kendall Green_____, declare:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age.  I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

    a.  ☐  I am the Movant.

    b.  ☐  I am employed by Movant as (*state title and capacity*):

    c.  ☒  Other (*specify*): **Asset Manager for CWCapital Asset Management, Special Servicer to Lender**

2.  a.  ☒  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property.  I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant.  These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

    b.  ☐  Other (*see attached*):

3.  The Movant is:

    a.  ☒  Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.  A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit**A, Exhibit E, Exhibit F to the Supplemental Declaration of Kendall Green ("Supp. Green Decl.")**

    b.  ☒  Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary.  True and correct copies of the recorded security instrument and assignments are attached as Exhibit **C to the Supp. Green Decl.**

    c.  ☐  Servicing agent authorized to act on behalf of the:

        ☐  Holder.
        ☐  Beneficiary.

    d.  ☐  Other (*specify*):

4.  a.  The address of the Property is:

        *Street address*:**7917 El Camino Real**
        *Unit/suite no.*:
        *City, state, zip code*:  **Atascadero, CA 93422**

    b.  The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:

        Document #: 2015065691 recorded in San Luis Obispo County

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5. Type of property (*check all applicable boxes*):

    a. ☐ Debtor's principal residence      b. ☐ Other residence
    c. ☐ Multi-unit residential      d. ☒ Commercial
    e. ☐ Industrial      f. ☐ Vacant land
    g. ☐ Other (*specify*):

6. Nature of the Debtor's interest in the Property:

    a. ☒ Sole owner

    b. ☐ Co-owner(s) (*specify*):

    c. ☐ Lienholder (*specify*):

    d. ☐ Other (*specify*):

    e. ☐ The Debtor ☐ did ☐ did not list the Property in the Debtor's schedules.

    f. ☐ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed.

        The deed was recorded on (*date*) _____.

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (*specify*) _____
    that encumbers the Property.

    a. ☒ A true and correct copy of the document as recorded is attached as Exhibit __C to the Supp. Green Declaration.

    b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit __A to the Supp. Green Declaration.

    c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit __D and E to the Supp. Green Declaration.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $ 7,265,597.02 |
| b. | Accrued interest: | $ 803,236.75 | $ | $ |
| c. | Late charges | $ 39,628.60 | $ | $ |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ 1,341,169.10 | $ | $ |
| e. | Advances (property taxes, insurance): | $ 211,337.37 | $ | $ |
| f. | Less suspense account or partial balance paid: | $[ 4,726.97 ] | $[ ] | $[ ] |
| g. | TOTAL CLAIM as of (*date*): | $ | $ | $9,616,613.27 |

    h. ☒ Loan is all due and payable because it matured on (*date*) __05/6/2020__

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

    a. Notice of default recorded on (*date*) __10/27/2020__ or ☐ none recorded.

    b. Notice of sale recorded on (*date*) __4/9/2021__ or ☐ none recorded.

    c. Foreclosure sale originally scheduled for (*date*) __6/15/2021__ or ☐ none scheduled.

    d. Foreclosure sale currently scheduled for (*date*) _____ or ☐ none scheduled.

    e. Foreclosure sale already held on (*date*) _____ or ☒ none held.

    f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*        Page 7        **F 4001-1.RFS.RP.MOTION**

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. [X] (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a.  Amount of current monthly payment as of the date of this declaration: $ __41,013.52__ for the month of __December__ 20__21__.

    b.  Number of payments that have come due and were not made: __15__. Total amount: $ __$1,024,544.29__[1]

    c.  Future payments due by time of anticipated hearing date (*if applicable*):

        An additional payment of $ __41,014__ will come due on (*date*) __Jan. 15, 2022__, and on the __15__ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $ _____ will be charged to the loan.

    d.  The fair market value of the Property is $ __7.4 million__, established by:

        (1) [X] An appraiser's declaration with appraisal is attached as Exhibit **A to the Declaration of Steven Evans.**

        (2) [ ] A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

        (3) [ ] A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

        (4) [ ] Other (*specify*):

    e.  **Calculation of equity/equity cushion in Property:**

        Based upon [ ] a preliminary title report [X] the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Wilmington Trust, N.A. (Lender) | $ 7,500,000 | $ 9,616,613.27 |
| 2nd deed of trust: | Small Business Administration | $ 150,000 | $ 155,563.36 |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT:** $9,772,176.63 | | | |

    f.  Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit __1__ and consists of:

        (1) [ ] Preliminary title report.

        (2) [X] Relevant portions of the Debtor's schedules.

        (3) [X] Other (*specify*): Claim Register, Claim 2 and Claim 4

    g.  [X] **11 U.S.C. § 362(d)(1) - Equity Cushion:**
I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ __0__ and is _____% of the fair market value of the Property.

    h.  [X] **11 U.S.C. § 362(d)(2)(A) - Equity:**
By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ __0__.

[1]     Missed interest payments includes interest at the default interest rate.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                      Page 8                      **F 4001-1.RFS.RP.MOTION**

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:


12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
A plan was confirmed on the following date (*if applicable*): _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

d. Postpetition advances or other charges due but unpaid:                          $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:                          $
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:                          $[                          ]

                  TOTAL POSTPETITION DELINQUENCY:          $

g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

$_____ received on (*date*) _____
$_____ received on (*date*) _____
$_____ received on (*date*) _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                          Page 9                          **F 4001-1.RFS.RP.MOTION**

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

a. ☒ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☐ Other (*specify*):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☐ Multiple bankruptcy cases affecting the Property include:

1. Case name: _____
   Chapter: _____ Case number: _____
   Date dismissed: _____ Date discharged: _____ Date filed: _____
   Relief from stay regarding the Property ☐ was ☐ was not granted.

2. Case name: _____
   Chapter: _____ Case number: _____
   Date dismissed: _____ Date discharged: _____ Date filed: _____
   Relief from stay regarding the Property ☐ was ☐ was not granted.

3. Case name: _____
   Chapter: _____ Case number: _____
   Date dismissed: _____ Date discharged: _____ Date filed: _____
   Relief from stay regarding the Property ☐ was ☐ was not granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                        Page 10                                        **F 4001-1.RFS.RP.MOTION**

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/5/2022 | Kendall Green | |
|---|---|---|
| *Date* | *Printed name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT 1

**Fill in this information to identify the case:**

Debtor name    **Cinema Square, LLC**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    **9:21-bk-10634-DS**

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br><br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1** **Jeffries/Wilmington**<br>Creditor's Name<br><br>c/o Mark Birnbaum, Perkins Coie LLP<br>1888 Century Park East<br>Suite 1700<br>Los Angeles, CA 90067-1721<br>Creditor's mailing address | Describe debtor's property that is subject to a lien<br>**6917 El Camino Real,**<br>**Atascadero, CA  93422** | **$7,500,000.00** | **$13,000,000.00** |

Describe the lien

Creditor's email address, if known

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☑ Unliquidated
☑ Disputed

---

| **2.2** **Small Business Adminstration**<br>Creditor's Name<br><br>10737 Gateway West #300<br>El Paso, TX 79935<br>Creditor's mailing address | Describe debtor's property that is subject to a lien<br>**All tanigle and personal property** | $150,000.00 | Unknown |

Describe the lien
**UCC**

Creditor's email address, if known

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**
**2020**
**Last 4 digits of account number**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Cinema Square |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 9:21-bk-10634 DS |

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:  Identify the Claim

**1. Who is the current creditor?**

Wilmington Trust, National Association, as Trustee (see attached to proof of claim for full name)
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Amir Gamliel/Perkins Coie LLP
Name

1888 Century Park East, Suite 1700
Number      Street

Los Angeles          CA          90067
City              State          ZIP Code

Contact phone 310-788-9900

Contact email agamliel@perkinscoie.com

Where should payments to the creditor be sent? (if different)

Kendall Green/CWCapital Asset Management
Name

900 19th Street NW 8th Floor
Number      Street

Washington          DC          20006
City              State          ZIP Code

Contact phone 301-255-4865

Contact email kgreen@cwcapital.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____      Filed on ___/___/___
                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

---

Official Form 410                          Proof of Claim                          page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  _0_ _3_ _5_ _8_

**7. How much is the claim?**   $_____9,616,613.28_. **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Secured Commercial Loan

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $  TBD

**Amount of the claim that is secured:** $  TBD

**Amount of the claim that is unsecured:** $  TBD   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $  9,616,613.28

**Annual Interest Rate** (when case was filed) _9.82_ %

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☑ Yes. Identify the property: Reserve or suspense accounts identified in the loan documents

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ **No** ☐ **Yes.** *Check all that apply:* | **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $ _____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $ _____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.   $ _____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   7/13/2021
MM / DD / YYYY

_____
See Attachment
Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | **Alex Killick** |
| | First name      Middle name      Last name |
| Title | **Managing Director** |
| Company | **CWCapital Asset Management LLC** |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | **900 19th Street NW 8th Floor** |
| | Number      Street |
| | **Washington**      DC      20006 |
| | City      State      ZIP Code |
| Contact phone | **202-715-9549**      Email akillick@cwcapital.com |

# ATTACHMENT TO PROOF OF CLAIM
## (Signature Page)

Wilmington Trust, National Association, as Trustee, for the benefit of the Holders of COMM 2016-DC2 Mortgage Trust Commercial Mortgage Pass Through Certificates, Series 2016-DC2

By and through CWCapital Asset Management LLC, solely in its capacity as special servicer:

By: _____

Name:  Alex Killick _____

Title:  Managing Director _____

Date:  7/13/21 _____

## ATTACHMENT TO PROOF OF CLAIM

This proof of claim, including this rider, is filed by Wilmington Trust, National Association, as Trustee, for the benefit of the Holders of COMM 2016-DC2 Mortgage Trust Commercial Mortgage Pass Through Certificates, Series 2016-D1 ("***Secured Creditor***" or "***Claimant***").  Claimant reserves the right to further amend and/or supplement this proof of claim in any manner and/or to file additional or other proofs of claim for additional or other claims Claimant may have against the Debtor.

### The Loan Documents.

1.    On or about December 31, 2015, Jeffries Loancore LLC, a Delaware limited liability company ("Original Lender") made a $7,800,000.00 loan (the "Loan") to Cinema Square, LLC (the "Borrower").  The Loan is evidenced by, among other instruments, that certain Promissory Note dated December 31, 2015, executed by Borrower in favor of Original Lender in the original principal sum of $7,800,000.00 (the "Note").  The Loan is also evidenced by that certain Loan Agreement dated as of December 31, 2015, by and between the Borrower and Original Lender (the "Loan Agreement").

2.    The Loan is secured by, among other things: (i) that certain Deed of Trust, Assignment of Leases and Rents and Security Agreement, dated as of December 31, 2015 (the "Deed of Trust"), executed by the Borrower, as trustor, to Fidelity National Title Company, as trustee, for the benefit of Original Lender, as beneficiary; and (ii) that certain Assignment of Leases and Rents, dated December 31, 2015 (the "Assignment of Rents"), executed by the Borrower, as assignor, to Original Lender, as assignee.  The Deed of Trust was recorded in the Official Records of San Luis Obispo County, California (the "Official Records") on December 31, 2015, as Document No. 2015065691.  The Assignment of Rents was also recorded in the Official Records on December 31, 2015, as Document No. 2015065692.

152995041.1

3.      The Note, the Loan Agreement, the Deed of Trust, the Assignment of
Rents, and all other documents evidencing, securing or relating to the Loan are
sometimes collectively referred to herein as the "Loan Documents."

4.      Effective as of March 21, 2016, Original Lender assigned the Loan
Documents to Secured Creditor pursuant to: (i) that certain Assignment of Deed of Trust,
Assignment of Leases and Rents and Security Agreement (the "Assignment of DOT"),
recorded in the Official Records on April 18, 2016, as Document No. 2016017145; and
(ii) that certain Assignment of Assignment of Leases and Rents (the "Assignment of
Assignment of Leases and Rents"), recorded in the Official Records on April 18, 2016, as
Document No. 2016017146.  Secured Creditor is now the holder of the Note, beneficiary
under the Deed of Trust, and secured party and/or assignee under all of the other Loan
Documents.

5.      Pursuant to the Loan Documents, the Borrower promised to pay to Secured
Creditor monthly installments of principal, interest, escrows and reserves on the sixth day
of each calendar month commencing on February 6, 2016.  The principal balance
together with all accrued but unpaid interest would be due and payable on January 6,
2026 (the "Maturity Date").

6.      Section 8.1(a) of the Loan Agreement provides that an "Event of Default"
shall occur if the Borrower fails to repay any portion of the Loan, including Borrower's
monthly payments, when due.  Additionally, pursuant to Section 2.2.2 of the Loan
Agreement, in the event of an occurrence of an Event of Default, interest shall accrue on
the Loan at the Default Rate (as defined in the Loan Agreement).

7.      Secured Creditor contends that: (i) Debtor failed to pay the Monthly Debt
Service Amount (as defined in the Loan Agreement) on the payment dates for May 2020
through June 2021; and (ii) more than $9,616,613.28 in principal, interest, default
interest, attorneys' fees, and other costs and expenses is owed as of June 14, 2021, as a

result of Secured Creditor's acceleration of the Loan.  A payoff statement dated as of June 14, 2021 is attached hereto as ***Exhibit*** "*A*."

## Miscellaneous.

1.      The filing of this proof of claim does not constitute:

(a)      a waiver or release of any security held by Claimant, any right to claim specific assets, any right of setoff, recoupment or counterclaim, any right arising by operation of law or equity or Claimant's rights against any other person, entity or property;

(b)      a waiver or release of any right or claim of Claimant arising out of, or in respect of, any order entered in this case, or any other claim, of any nature whatsoever, which Claimant has against the Debtor, its estate or any other person or entity;

(c)      a waiver of the right of Claimant to further amend its Proof of Claim in order to account for ongoing default interest and legal fees;

(d)      a waiver of a right to move to withdraw the reference, have final judgments and orders entered by the District Court, to challenge the jurisdiction of this Court; or

(e)      an election of any remedy to the exclusion, express or implied, of any other remedy.

2.      The request for copies of notices to be sent to the persons identified in paragraph 3 of the Proof of Claim shall not be deemed authorization to accept service of process on behalf of Claimant.



**PAYOFF STATEMENT**

Payoff Date:                    June 14, 2021

Property Name:          Colony Square Atascadero
Special Servicer Loan #:   457-30
Master Servicer Loan #:   406100358

| | | |
|---|---|---|
| Principal Balance: | | $7,265,597.02 |
| | | |
| Escrow/Reserve/Suspense Balances: | | |
| | Property Tax: | $0.00 |
| | Insurance: | $4,459.17 |
| | Reserve: | $0.00 |
| | Suspense: | $267.80 |
| | Suspense (Credit): | $0.00 |
| | Total: | $4,726.97 |
| | | |
| PRINCIPAL: | | $7,265,597.02 |
| plus INTEREST (5/6/20-6/14/21): | | $393,895.26 |
| plus DEFAULT INTEREST (5/6/20-6/14/21): | | $409,341.49 |
| plus LATE FEES (5/6/20-6/6/21): | | $39,628.60 |
| plus PROPERTY PROTECTION ADVANCES: | | $211,337.37 |
| plus TAX ADVANCE | | $0.00 |
| plus INSURANCE ADVANCE | | $0.00 |
| plus ADMIN FEES & QUOTE FEES: | | $0.00 |
| plus PAYOFF PROCESSING FEE: | | $1,100.00 |
| plus SPECIAL SERVICING FEES (AS OF 6/6/21): | | $19,034.85 |
| plus PREPAYMENT PREMIUM (AS OF 5/6/21): | | $1,281,405.65 |
| plus CREDIT FOR SUSPENSE: | | -$4,726.97 |
| **TOTAL AMOUNT DUE** | | **$9,616,613.28** |

**Wire Transfer Instructions:**
            Acct. Name: Wells Fargo Bank N.A. - San Francisco, CA
            ABA No.: 121000248
            Acct. No.: Wells Fargo Bank, N.A.
              Credit #: 5077594011216
            Reference: Cinema Square, LLC - 406100358

**NOTE:**

This payoff statement assumes that payment is made in full on the Payoff Date and this calculation is only
good for the Payoff Date, subject to the qualifications set forth below.

Loan payoff figures and other data furnished above are based upon a summary review of our loan records and
are subject to subsequent audit and adjustment.  Lender reserves the right, without
liability or recourse, to demand additional funds before or subsequent to the release of the security interest
based upon any error or omission made in good faith whether mathematical, clerical, typographical or otherwise.

The delivery of this payoff statement does not waive or release any rights or remedies of any party which may
exist under the Loan Documents, at law or in equity (including, without limitation, the right to recover reasonable
attorneys' fees and expenses in connection with any asserted claims or defenses) prior to the acceptance of the
payoff. Additionally, since the payoff is calculated almost a month prior to the projected payoff, an updated
payoff that superceeds this payoff will be provided closer to the actual payoff date.

This payoff statement is valid only if funds are received by Lender  prior to 2:00 PM EST on the Payoff Date.
Within 30 business days of receipt and application of full payoff funds, release of mortgage and UCC filings
will be submitted to appropriate jurisdictions.

## Prepayment Charge - Preliminary Estimate

| | |
|---|---|
| Preparation Date: | 4/22/2021 |
| Loan Name: | Cinema Square, LLC |
| Loan Number: | 406100358 |
| Investor Name: | COMM 2016-DC2 |
| Investor No: | 30,558 |

| | |
|---|---|
| UPB after Prepayment: | $7,125,371.15 Amortiz Schedule |
| Monthly P&I Payment: | $41,013.52 |
| Loan Interest Rate: | 4.8190% |
| Loan Interest Basis: | 360/Actual |

| | |
|---|---|
| Last Scheduled Payment Due Date: | 5/6/2021 |
| Anticipated Prepayment Date: | 5/6/2021 |
| Next Scheduled Payment Due Date: | 6/6/2021 |
| Maturity Date / Open Period: | 1/6/2026 |
| Number of Payment Periods: | 56 |

### Discount Rate Calculations
Date Published: 4/19/2021

**US Treasury - Wall Street Journal**

| | | H. 15 Interpolation | |
|---|---|---|---|
| | | Months | Rate |
| Treasury Yield: | | 36 | 0.3500 |
| Additional Basis Points: | | 60 | 0.8500 |
| Maturity Date | Yield | | |
| | | 56 | 0.7667% |

| | |
|---|---|
| Source of Rate: | H.15 ▼ |
| Bond Equivalent Yield for Discount Rate: | Yes ▼ |
| Discount Rate (calculation): | 0.7654% |

### YM-Calculation A

| | |
|---|---|
| Sum of Present Values of Future Payments: | 8,406,776.80 |
| Less Payoff Amount: | 7,125,371.15 |
| Additional Fee: | |
| YM Calculation A: | 1,281,405.65 |

### YM-Calculation B

| | |
|---|---|
| Payoff Amount: | $7,277,385.77 |
| Percentage of Payoff Amount: | 3.00% |
| YM Calculation B: | $218,321.57 |

### Summary

| | |
|---|---|
| Prepayment Charge (Greater of A and B): | $1,281,405.65 |
| Prepayment Charge as a % of Scheduled Principal | |
| Balance after Last Scheduled Payment: | 17.98% |

**David Davenport** Digitally signed by David Davenport
Date: 2021.04.22 07:30:48 -07'00'

**Approval Signature**

THE PREPAYMENT CHARGE SHOWN WAS CALCULATED AS OF THE PREPARATION DATE SHOWN
AND IS, THEREFORE, A PRELIMINARY ESTIMATE ONLY.  THE FINAL PREPAYMENT CHARGE WILL BE
CALCULATED AS OF THE DATE SPECIFIED IN THE LOAN DOCUMENTS.

| Payment Period | Number of Days | Date | Principal | Interest | Remaining Balance | Payments | Discount Rate | Discount Factor | PVCF |
|---|---|---|---|---|---|---|---|---|---|
| | | 5/6/2021 | | | $7,125,371.15 | | | | |
| 1 | 31 | 6/6/2021 | $11,445.41 | $29,568.11 | $7,113,925.74 | $41,013.52 | 0.0006379 | 0.999363 | 40,987.38 |
| 2 | 30 | 7/6/2021 | $12,445.18 | $28,568.34 | $7,101,480.56 | $41,013.52 | 0.0006379 | 0.998725 | 40,961.25 |
| 3 | 31 | 8/6/2021 | $11,544.55 | $29,468.97 | $7,089,936.01 | $41,013.52 | 0.0006379 | 0.998089 | 40,935.14 |
| 4 | 31 | 9/6/2021 | $11,592.45 | $29,421.07 | $7,078,343.56 | $41,013.52 | 0.0006379 | 0.997453 | 40,909.04 |
| 5 | 30 | 10/6/2021 | $12,588.07 | $28,425.45 | $7,065,755.49 | $41,013.52 | 0.0006379 | 0.996817 | 40,882.96 |
| 6 | 31 | 11/6/2021 | $11,692.79 | $29,320.73 | $7,054,062.70 | $41,013.52 | 0.0006379 | 0.996181 | 40,856.90 |
| 7 | 30 | 12/6/2021 | $12,685.58 | $28,327.94 | $7,041,377.12 | $41,013.52 | 0.0006379 | 0.995546 | 40,830.86 |
| 8 | 31 | 1/6/2022 | $11,793.96 | $29,219.56 | $7,029,583.16 | $41,013.52 | 0.0006379 | 0.994912 | 40,804.83 |
| 9 | 31 | 2/6/2022 | $11,842.90 | $29,170.62 | $7,017,740.26 | $41,013.52 | 0.0006379 | 0.994277 | 40,778.82 |
| 10 | 28 | 3/6/2022 | $14,710.25 | $26,303.27 | $7,003,030.01 | $41,013.52 | 0.0006379 | 0.993644 | 40,752.82 |
| 11 | 31 | 4/6/2022 | $11,953.09 | $29,060.43 | $6,991,076.92 | $41,013.52 | 0.0006379 | 0.993010 | 40,726.84 |
| 12 | 30 | 5/6/2022 | $12,938.52 | $28,075.00 | $6,978,138.40 | $41,013.52 | 0.0006379 | 0.992377 | 40,700.88 |
| 13 | 31 | 6/6/2022 | $12,056.38 | $28,957.14 | $6,966,082.02 | $41,013.52 | 0.0006379 | 0.991745 | 40,674.94 |
| 14 | 30 | 7/6/2022 | $13,038.90 | $27,974.62 | $6,953,043.12 | $41,013.52 | 0.0006379 | 0.991112 | 40,649.01 |
| 15 | 31 | 8/6/2022 | $12,160.52 | $28,853.00 | $6,940,882.60 | $41,013.52 | 0.0006379 | 0.990481 | 40,623.09 |
| 16 | 31 | 9/6/2022 | $12,210.98 | $28,802.54 | $6,928,671.62 | $41,013.52 | 0.0006379 | 0.989849 | 40,597.20 |
| 17 | 30 | 10/6/2022 | $13,189.13 | $27,824.39 | $6,915,482.49 | $41,013.52 | 0.0006379 | 0.989218 | 40,571.32 |
| 18 | 31 | 11/6/2022 | $12,316.38 | $28,697.14 | $6,903,166.11 | $41,013.52 | 0.0006379 | 0.988588 | 40,545.46 |
| 19 | 30 | 12/6/2022 | $13,291.56 | $27,721.96 | $6,889,874.55 | $41,013.52 | 0.0006379 | 0.987957 | 40,519.61 |
| 20 | 31 | 1/6/2023 | $12,422.65 | $28,590.87 | $6,877,451.90 | $41,013.52 | 0.0006379 | 0.987328 | 40,493.78 |
| 21 | 31 | 2/6/2023 | $12,474.20 | $28,539.32 | $6,864,977.70 | $41,013.52 | 0.0006379 | 0.986698 | 40,467.97 |
| 22 | 28 | 3/6/2023 | $15,282.82 | $25,730.70 | $6,849,694.88 | $41,013.52 | 0.0006379 | 0.986069 | 40,442.17 |
| 23 | 31 | 4/6/2023 | $12,589.38 | $28,424.14 | $6,837,105.50 | $41,013.52 | 0.0006379 | 0.985441 | 40,416.39 |
| 24 | 30 | 5/6/2023 | $13,556.84 | $27,456.68 | $6,823,548.66 | $41,013.52 | 0.0006379 | 0.984812 | 40,390.62 |
| 25 | 31 | 6/6/2023 | $12,697.88 | $28,315.64 | $6,810,850.78 | $41,013.52 | 0.0006379 | 0.984185 | 40,364.88 |
| 26 | 30 | 7/6/2023 | $13,662.28 | $27,351.24 | $6,797,188.50 | $41,013.52 | 0.0006379 | 0.983557 | 40,339.15 |
| 27 | 31 | 8/6/2023 | $12,807.26 | $28,206.26 | $6,784,381.24 | $41,013.52 | 0.0006379 | 0.982930 | 40,313.43 |
| 28 | 31 | 9/6/2023 | $12,860.41 | $28,153.11 | $6,771,520.83 | $41,013.52 | 0.0006379 | 0.982304 | 40,287.73 |
| 29 | 30 | 10/6/2023 | $13,820.22 | $27,193.30 | $6,757,700.61 | $41,013.52 | 0.0006379 | 0.981677 | 40,262.05 |
| 30 | 31 | 11/6/2023 | $12,971.13 | $28,042.39 | $6,744,729.48 | $41,013.52 | 0.0006379 | 0.981052 | 40,236.38 |
| 31 | 30 | 12/6/2023 | $13,927.81 | $27,085.71 | $6,730,801.67 | $41,013.52 | 0.0006379 | 0.980426 | 40,210.73 |
| 32 | 31 | 1/6/2024 | $13,082.75 | $27,930.77 | $6,717,718.92 | $41,013.52 | 0.0006379 | 0.979801 | 40,185.10 |
| 33 | 31 | 2/6/2024 | $13,137.04 | $27,876.48 | $6,704,581.88 | $41,013.52 | 0.0006379 | 0.979177 | 40,159.48 |
| 34 | 29 | 3/6/2024 | $14,986.52 | $26,027.00 | $6,689,595.36 | $41,013.52 | 0.0006379 | 0.978553 | 40,133.88 |
| 35 | 31 | 4/6/2024 | $13,253.74 | $27,759.78 | $6,676,341.62 | $41,013.52 | 0.0006379 | 0.977929 | 40,108.30 |
| 36 | 30 | 5/6/2024 | $14,202.44 | $26,811.08 | $6,662,139.18 | $41,013.52 | 0.0006379 | 0.977305 | 40,082.73 |
| 37 | 30 | 6/6/2024 | $13,367.68 | $27,645.84 | $6,648,771.50 | $41,013.52 | 0.0006379 | 0.976682 | 40,057.18 |
| 38 | 31 | 7/6/2024 | $14,313.16 | $26,700.36 | $6,634,458.34 | $41,013.52 | 0.0006379 | 0.976060 | 40,031.65 |
| 39 | 31 | 8/6/2024 | $13,482.55 | $27,530.97 | $6,620,975.79 | $41,013.52 | 0.0006379 | 0.975438 | 40,006.13 |
| 40 | 31 | 9/6/2024 | $13,538.49 | $27,475.03 | $6,607,437.30 | $41,013.52 | 0.0006379 | 0.974816 | 39,980.62 |
| 41 | 30 | 10/6/2024 | $14,479.15 | $26,534.37 | $6,592,958.15 | $41,013.52 | 0.0006379 | 0.974194 | 39,955.14 |
| 42 | 31 | 11/6/2024 | $13,654.76 | $27,358.76 | $6,579,303.39 | $41,013.52 | 0.0006379 | 0.973573 | 39,929.67 |
| 43 | 30 | 12/6/2024 | $14,592.13 | $26,421.39 | $6,564,711.26 | $41,013.52 | 0.0006379 | 0.972953 | 39,904.21 |
| 44 | 31 | 1/6/2025 | $13,771.97 | $27,241.55 | $6,550,939.29 | $41,013.52 | 0.0006379 | 0.972332 | 39,878.76 |
| 45 | 31 | 2/6/2025 | $13,829.12 | $27,184.40 | $6,537,110.17 | $41,013.52 | 0.0006379 | 0.971713 | 39,853.36 |
| 46 | 28 | 3/6/2025 | $16,511.70 | $24,501.82 | $6,520,598.47 | $41,013.52 | 0.0006379 | 0.971093 | 39,827.95 |
| 47 | 31 | 4/6/2025 | $13,955.03 | $27,058.49 | $6,506,643.44 | $41,013.52 | 0.0006379 | 0.970474 | 39,802.56 |
| 48 | 30 | 5/6/2025 | $14,883.92 | $26,129.60 | $6,491,759.52 | $41,013.52 | 0.0006379 | 0.969856 | 39,777.19 |
| 49 | 31 | 6/6/2025 | $14,074.70 | $26,938.82 | $6,477,684.82 | $41,013.52 | 0.0006379 | 0.969237 | 39,751.83 |
| 50 | 30 | 7/6/2025 | $15,000.22 | $26,013.30 | $6,462,684.60 | $41,013.52 | 0.0006379 | 0.968619 | 39,726.49 |
| 51 | 31 | 8/6/2025 | $14,195.35 | $26,818.17 | $6,448,489.25 | $41,013.52 | 0.0006379 | 0.968002 | 39,701.17 |
| 52 | 31 | 9/6/2025 | $14,254.26 | $26,759.26 | $6,434,234.99 | $41,013.52 | 0.0006379 | 0.967385 | 39,675.86 |
| 53 | 30 | 10/6/2025 | $15,174.70 | $25,838.82 | $6,419,060.29 | $41,013.52 | 0.0006379 | 0.966768 | 39,650.57 |
| 54 | 31 | 11/6/2025 | $14,376.38 | $26,637.14 | $6,404,683.91 | $41,013.52 | 0.0006379 | 0.966152 | 39,625.29 |
| 55 | 30 | 12/6/2025 | $15,293.38 | $25,720.14 | $6,389,390.53 | $41,013.52 | 0.0006379 | 0.965536 | 39,600.03 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1888 Century Park East, Suite 1700
Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
 01/10/2022   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  1/10/2022   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor:
Cinema Square, LLC
4656 Vintage Ranch Lane
Santa Barbara, CA 93110

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


| 01/10/2022 | Caroline Mallahi | /s/ Caroline Mallahi |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                Page 12                                **F 4001-1.RFS.RP.MOTION**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **William C Beall**   will@beallandburkhardt.com, carissa@beallandburkhardt.com
- **Brian David Fittipaldi**   brian.fittipaldi@usdoj.gov
- **Amir Gamliel**   amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **Carissa N Horowitz**   carissa@beallandburkhardt.com, artyc@aol.com;castlesb@aol.com
- **Elan S Levey**   elan.levey@usdoj.gov, julie.morales@usdoj.gov
- **Hamid R Rafatjoo**   hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **United States Trustee (ND)**   ustpregion16.nd.ecf@usdoj.gov